WILLIAM W. PINNEY *vs.* OLE JORGENSON.

July 22, 1880.

**Tender—Offer without Production of Money.**—Where, upon an allegation of tender of a debt, the proof shows that the money was not produced, but that the debtor offered to pay, and informed the creditor that he then had the money ready to pay, the creditor refusing to accept it, it is error to exclude evidence that the debtor then had the money with him ready to pay.

**Same—Stipulation in Note to pay Expenses of Suit.**—A note, after the promise to pay a sum stated, continued, "And if not paid when due, and the same is sued, $10 if sued in a justice's court, and $25 if sued in a district court, additional, to defray the expenses of plaintiff for his suing the same, to be entered up as a part of the judgment." *Held,* the right to the additional sum does not accrue if, before suit brought, the debtor tenders the amount due on the note, and the creditor refuses to receive it, even though it does not appear that the debtor, at all times after the tender, held the money ready to pay, there being no subsequent demand by the creditor.

Appeal by defendant from a judgment of the district court for Kandiyohi county, *Brown,* J., presiding, affirming a judgment of a justice of the peace from which the defendant had appealed on questions of law alone.

*John W. Arctander,* for appellant.

*Jenness & Ransom,* for respondent.

To constitute a tender there must be an actual presentation of the money, unless the production thereof is excused by some positive act or declaration. *Strong* v. *Blake,* 46 Barb.

227; *Hornby* v. *Cramer*, 12 How. Pr. 490; *Bakeman* v. *Pooler*, 15 Wend. 637. The plaintiff should have been tempted by a sight of the money. 2 Greenl. Ev. § 602. The defendant's testimony at best shows but a mere offer of compromise, and cannot be construed into a case where the actual production of the money was dispensed with by plaintiff's refusal to take it. *Dunham* v. *Jackson*, 6 Wend. 22; *Kraus* v. *Arnold*, 7 J. B. Moore, 508; 17 Eng. Com. Law, 59; *Thomas* v. *Evans*, 10 East, 101; 2 Greenl. Ev. § 603.

GILFILLAN, C. J. Action on a note which, after the promise to pay a stated sum, continued, "And if not paid when due, and the same is sued, $10 if sued in justice court, and $25 if sued in district court, additional, to defray the expenses of plaintiff for his suing the same, to be entered up as a part of the judgment." The note was sued in a justice court, and the defence as to the $10 is a tender before suit brought of the amount due on the note. At the time of the alleged tender, there was due and unpaid, of the amount mentioned in the note, only $8.60.

The evidence as to the tender was that of defendant, who testified in respect to it: "Pinney said I had to pay $21.60. I told him I wanted to settle up that note at that time. I said, 'Pinney, I will give you $10, if I can get that note.' Pinney said, 'I can't take that;' but I think he said he would knock off the 60 cents, and call it $21. I then and there offered to pay Mr. Pinney $10 for that note. He answered, 'No, I cannot take that.'" The defendant's counsel then asked him if he was ready and willing to pay the money then; if he then had it in his pocket separate and ready to pay; if he was about to produce it, but was prevented by plaintiff declaring he would not take it; and if he was ready to and would have produced it, if the offer had been accepted. These several questions were objected to, unless defendant showed that he informed plaintiff of the fact that he had the money ready, etc., and the objections were sustained.

To make a tender of money valid, the money must be act-

ually produced and proffered, unless the creditor expressly or impliedly waives this production. Before a refusal to receive the money can be held a waiver of its production, I think it must appear that the creditor then knew or was informed of the debtor's ability then and there to produce it. The majority of the court are of the opinion that what defendant said to plaintiff informed him that he then and there had the money ready to pay. That being so, there was a valid tender, if, in fact, the defendant had the money with him ready to pay. He should have been allowed to prove that fact. It was error to exclude the answers to the questions intended to show the fact.

It is claimed, however, that the tender was ineffectual, because it was not kept good by bringing the money into court when the answer was filed. That a tender must be kept good by having the money at all times ready to pay over is true, when the effect claimed for it is to avoid interest after the tender, and costs of suit. The right to the $10 is here only in question. That $10 was no part of the original debt. It was in the nature of a penalty for failure to pay the debt without suit. The right to it accrued, if it did accrue, at the instant the suit was brought, and was not affected by anything occurring subsequently. It could accrue only where it was through failure of the defendant to pay the debt that suit was brought. If there was no fault of the defendant, but he was prevented paying the debt by plaintiff's refusal to receive it, the bringing of suit could not create the liability. The parties to the contract did not intend that the bringing of the suit should entitle plaintiff to the $10 where the debt remained unpaid from his fault. The right to the $10 never accrued, if the debt was, before suit brought, duly tendered; and it could not, after that, accrue, unless, perhaps, in case of a demand for the debt, and refusal to pay before suit brought.

Judgment reversed.