V. F. SCHMOLL and Another v. FRED LUCHT and Others.[1]

December 4, 1908.

Nos. 15,918—(107).

**Appeal—Attorney's Fees.**

In this, a mechanic's lien case, *held*, that questions not raised in the court below cannot be urged in this court for the first time, and, further, that R. L. 1905, § 3517, authorizes the trial court to allow reasonable costs to the lienholder, and in fixing the amount thereof it may include therein, in its discretion, reasonable attorney's fees.

Action in the district court for Sibley county to foreclose a mechanic's lien upon real estate owned by Noack, in which action Lucht and Moskop were joined as defendants. In their answer they alleged facts showing that they also had a mechanic's lien upon the premises and asked to have it foreclosed. The case was tried before Morrison, J., who found in favor of the lien claimants and ordered a sale of the premises to pay the liens, including an attorney's fee of $25 allowed the plaintiffs. From the judgment entered pursuant to the order, defendant Noack appealed. Affirmed.

*John A. Dalzell, W. A. McDowell,* and *Anthony T. Grotte,* for appellant.

The lien claimants in filing their lien and in the proceedings to foreclose it have lost sight of the entire change in the statute incorporated in the Revision of 1905. The only material change is by the addition of subdivision 3 to section 3511, requiring the lien statement as filed to show the names of the claimant and of persons to whom the material was furnished; both the liens are deficient in that regard. The court in its findings finds that each lien statement as filed shows the name of the claimant and the persons to whom furnished. Such findings are assigned as error.

Section 2, c. 101, Laws 1895, authorizes a sum not to exceed $25 to be taxed as costs. This section was repealed by the code. This statute did not authorize the recovery of attorney's fee as such, but it must be the statute under which the allowance of $25 was made to

the plaintiffs. It is not within the authority of the court to order $25 costs.

The court finds that on and between July 30, 1906, and October 17, 1906, inclusive, Lucht and Moskop furnished certain building material. There is no evidence whatever as to a date in the attempted proof of this firm's lien. The only evidence is the testimony that the labor and material were furnished between the dates mentioned in the lien statement. The first date in the bill of particulars was July 30, 1906. The last date was October 17, 1906. The proof was required to show the date of furnishing the first and last material. The fact of furnishing the material between two certain dates is no evidence that it was furnished or any part of it was furnished on any particular date.

*W. H. Leeman,* for respondents Lucht and Moskop.

Exhibit A offered in evidence shows the dates on which each and every item of labor and material was furnished; it shows the date of the first item and also the date of the last item of labor and material, and when the witness testified that the statement was true and correct, such testimony was some evidence of the dates on which the first and last items of material were furnished. The lien statement (Moskop's Exhibit 1), also contains a statement that the first item of material was furnished July 30, 1906, and that the last item of material was furnished on October 17, 1906, and this lien statement was offered and received in evidence without objection, and cross examination of the witness waived. These statements are evidence of the dates of furnishing the first and last items of material and sufficient evidence of those facts in the absence of any attempt to contradict them.

*W. F. Odell,* for respondents Schmoll and Hillemann.

Appellant cannot question the sufficiency of the lien statement in any particular not called to the attention of the court below. See Smith v. Bean, 46 Minn. 138, 141; Gilbert v. Thompson, 14 Minn. 414 (544); Stillman v. Northern Pacific, F. & B. H. R. Co., 34 Minn. 420, 422; Mousseau v. Mousseau, 42 Minn. 212; Johnson v. Okerstrom, 70 Minn. 303, 307; Dunnell, Pr. § 1805.

START, C. J.

The plaintiffs and respondents brought this action in the district court of the county of Sibley to foreclose a mechanic's lien on the real estate described in the complaint. The defendants and respondents Lucht and Moskop by their answer alleged facts showing that they also had a mechanic's lien on the premises and asked to have it foreclosed. A trial of the issues resulted in a judgment establishing the respective liens, fixing and allowing the plaintiffs' costs and disbursements at the sum of $42.28, and directing a sale of the premises and the payment of the liens and costs of foreclosure from the proceeds of sale. The trial court included in the costs allowed $25 for plaintiffs' attorney's fees. The defendant and appellant appealed from the judgment.

While the assignments of error are numerous, the appellant urges only three alleged errors in his brief. The first one is that the respective lien statements did not show the names of the claimants and the persons to whom the materials were furnished, as provided by subsection 3, § 3511, R. L. 1905; hence the court erred in finding that proper lien statements were filed. No such question was raised in the court below, and it cannot be raised in this court for the first time. The statements were received in evidence without objections, except that when the statement of the plaintiff was offered in evidence the untenable objection was made by the defendant that it did not show, as required by the statute, that the improvements were made upon the particular lot, and consequently the statement was invalid. Again, at the close of the evidence, the defendant moved for judgment in his favor on the ground that there was no evidence to show knowledge on his part of the furnishing of the materials for making the repairs alleged in the complaint. Other than here stated, no objections in any manner were made in the district court to the lien statements.

The second contention of the defendant is that the trial court erred in including as a part of the costs $25 attorney's fees. No question is urged as to the reasonableness of the allowance, as the defendant admitted on the trial that the value of the services of the plaintiffs' attorney in the action was at least $25. This presents the question whether the trial court, in an action to foreclose a mechanic's lien, is

authorized to allow as a part of the plaintiffs' costs reasonable attorney's fees. Attorney's fees are not considered as costs, and taxable as such, in the absence of a statute authorizing it, or a contract, express or implied. Laws 1895, p. 224, c. 101, § 2, provided that every lien holder upon the foreclosure of his lien should be entitled to tax as costs a sum to be fixed by the court, not to exceed $25 where the amount recovered was less than $500, and a sum not to exceed five per cent. of the amount recovered when such amount is $500 or more. It is clear that under this provision the court, in exercising its discretion and fixing the amount of the costs within the prescribed limits, was authorized to take into consideration and allow a reasonable amount for the fees of the plaintiffs' attorney; for costs, as the term was used in this statute, was an allowance, exclusive of taxable disbursements, to the prevailing party by way of indemnity for his expenses in the action.

This section to which we have referred was repealed by section 3517, R. L. 1905, and the following provision substituted therefor, namely: "Judgment shall be given in favor of each lien holder for the amount demanded and proved by him, with costs and disbursements to be fixed by the court at the trial." The only practical change made by the substitute was that the express limitation on the discretion of the court was removed, leaving the amount of costs to be allowed to the lien holder to the discretion of the court, to be exercised at the trial according to the circumstances of each particular case, subject to the implied limitation that the amount allowed be reasonable. Changes made by the revised statutes are not to be regarded as altering the existing law, unless it is clear that such was the intention. Becklin v. Becklin, 99 Minn. 307, 109 N. W. 243; State v. Stroschein, 99 Minn. 248, 109 N. W. 235.

Again, if it were the intention of the revision to limit the amount of costs that might be allowed to a lien holder on the foreclosure of his lien to the $10 allowed a prevailing party as costs in ordinary actions by the general statute (R. L. 1905, §§ 4338, 4342), there could have been no necessity for the specific provision in question. But it cannot, by any reasonable construction, be held to be a needless repetition, for such a construction would make the mandate that the court fix the amount of the costs at the trial farcical. We hold that

the provision here in question authorizes the court to allow reasonable costs to the lien holder, and in fixing the amount thereof it may include therein, in its discretion, reasonable attorney's fees.

The last contention of the appellant is to the effect that there was no evidence to sustain the finding of the trial court as to the lien of the respondents Lucht and Moskop, in that there is no evidence showing the date of furnishing the first and last item of material by them. The record discloses evidence sufficient to sustain such finding.

It follows that the judgment must be affirmed as to all of the respondents, with only one allowance of $25 statutory costs, to be divided between them.    So ordered.