# STATE ex rel. DULUTH DIAMOND DRILLING COMPANY v. DISTRICT COURT OF ST. LOUIS COUNTY.[1]

May 28, 1915.

Nos. 19,157—(103).

**Workmen's Compensation Act — hearings.**

1. Hearings under the Workmen's Compensation Act are to be held at the time and place fixed by the judge, regardless of the time and place of holding the regular terms of court.

**Same — notice of accident.**

2. Where the employer has actual knowledge of the happening of the accident and of the resulting injury, the giving of notice thereof is not necessary.

**Same — jurisdiction of court.**

3. The court has jurisdiction of all proceedings arising under the act, and the making of a demand upon the employer for compensation is not a condition precedent to the power of the court to entertain such proceedings

**Finding not supported by evidence.**

4. The finding that the claimant was totally disabled at the time of the hearing is not sustained by the evidence.

**Statutory costs — attorney's fee.**

5. The allowance of attorney's fees is not authorized by the act, but the court may allow statutory costs although designated in the order as attorney's fees.

Upon the relation of the Duluth Diamond Drilling Co. this court granted a writ of *certiorari* to review the proceedings in the district court for St. Louis county, Hughes, J., in an action by Emil Clemets, employee against relator employer.   Judgment modified.

*Abbott, MacPherran, Lewis & Gilbert,* for employer relator.

*Victor L. Power* and *M. H. Crocker,* for employee respondent.

TAYLOR, C.

Emil Clemets was injured on March 2, 1914, while at work for

[1] Reported in 152 N. W. 838.

the relator near Hibbing in St. Louis county. On March 24, 1914, he made an application to a judge of the district court for compensation for the injury under the Workmen's Compensation Act; and, on the same day, the judge made an order fixing May 2, 1914, at Hibbing, as the time and place for the hearing thereon. Relator is a corporation having its principal office and place of business at Duluth in St. Louis county, and on that ground demanded that the place of hearing be changed from Hibbing to Duluth. This demand was denied. Relator admitted that it had full knowledge of the injury, and also that Clemets was entitled to compensation; but insisted that the action should be dismissed on the ground that the court had no jurisdiction, that there was no controversy between the parties, and that the action was prematurely brought. The parties submitted their evidence, and the court rendered judgment awarding compensation to Clemets. Thereafter relator brought the matter before this court by *certiorari*.

1. Relator contends that the court erred in refusing to change the place of hearing from Hibbing to Duluth. Duluth is the county seat of St. Louis county, but the statute provides that both general and special terms of the district court shall also be held at Hibbing. G. S. 1913, §§ 176, 177. The statute further provides that civil actions brought in the district court of that county, against residents of that county, shall be tried at the place of holding regular terms of court which is nearest the residence of the defendant; that the place where its principal office is located shall be deemed the residence of a corporation for the purpose of the statute; and that the defendant may have the place of trial changed to the place of holding court which is nearest his residence, if a different place has been designated by the plaintiff. G. S. 1913, §§ 183, 184. Relator insists that, by virtue of these statutes, it had the absolute right to have the place of hearing changed to Duluth which is the county seat and its place of residence. We cannot assent to this proposition. The statutes referred to provide for holding the regular terms of court, and for determining the place of trial of ordinary civil actions triable at such terms. The Workmen's Compensation Act contemplates that applications thereunder shall not wait for trial until they can be

brought before the court at a regular term thereof, but shall be heard and decided summarily by the judge, regardless of such regular terms. This act provides that either party may present a verified complaint to the judge, and that, thereupon, he "shall fix by order a time and place for the hearing thereof," and, at the time so fixed, "shall hear such witnesses as may be presented by each party, and in a summary manner decide the merits of the controversy." Proceedings under this act are governed by the provisions contained in the act itself, and not by the general provisions cited by the relator, and the ruling of the learned trial judge was correct.

2. Relator contends that an injured employee cannot apply to the court for compensation unless he has previously made a demand therefor upon his employer; that the making of such demand is a jurisdictional prerequisite to his right to invoke the aid of the court. The statute provides for giving notice of the injury to the employer, unless he has actual knowledge thereof; but, if he has such actual knowledge, the giving of the notice is not necessary. G. S. 1913, § 8213. It further provides that "the interested parties shall have the right to settle all matters of compensation between themselves," but requires such settlements to be substantially in accordance with the provisions of the act and to be "approved by a judge of the district court." It further provides that "in case of a dispute over, or *failure to agree upon* a claim for compensation * * * either party may submit the claim * * * to the judge of the district court * * * which judge is hereby authorized to hear and determine such disputes in a summary manner." G. S. 1913, § 8216. Other provisions regulate the method of procedure.

Relator admits having full knowledge of the injury, and consequently formal notice thereof was unnecessary. The statute suggests that the parties make an attempt to agree upon terms of settlement before taking the matter into court, and it is certainly desirable that they should adjust such matters amicably between themselves if possible to do so; but the statute contains no express requirement that the employee make a demand upon his employer, nor that the employer make overtures to the employee. Either party may take the initiative, but, if neither will do so, there is a "failure to agree upon

a claim for compensation" within the meaning of the statute. The statute contemplates that the court shall supervise and control all matters and proceedings arising under the act. In case the parties effect an amicable settlement, such settlement must be presented to the court, and be approved by him as in accordance with the act, before it becomes valid and binding; in case they become involved in a dispute over, or fail to agree upon the terms of settlement, either party may call upon the court to hear and determine the matter. The court has jurisdiction over all cases arising under the act—both those in which the parties agree and those in which they do not agree —not merely over those in which one party makes demands to which the other refuses to accede.

3. Relator contends that the claimant had fully recovered from his disability before the hearing, and for that reason was not entitled to compensation thereafter. The hearing was held on Saturday, May 2, 1914. Claimant had been at work for the Mahoning Ore & Steel Co. for a few days prior thereto and was earning $3 per day, being fifty cents per day more than he received from relator before the accident. He stated that he intended to resume work the following Monday and thought he was able to do so, but that his side still hurt him when lifting anything heavy. The court appointed a doctor to make an examination who stated that he was unable to find any objective symptoms of injury but that he believed from the claimant's statements that "there is an injury to muscle structure in this region, which will gradually recover completely in the course of four to eight weeks of moderate activity or half rest." The foregoing is all the evidence tending to show disability at the time of the hearing, or the length of time that the soreness in the muscle was likely to continue. On May 21, the court made findings of fact and conclusions of law to the effect that the injury had caused a temporary total disability which still continued and would continue for 30 days or more, and directed payment of compensation upon that basis until the further order of the court. Relator made an application to so amend the findings that the claimant would receive compensation until he commenced work for the Mahoning Co. and no longer. This application was heard and submitted on June 6, 1914, but no decision

was made until October 7, 1914. On that date the court made an order amending the findings by excluding from the period of disability the 6½ days during which claimant was shown to have earned $3 per day, but finding that his total disability still continued, and directing that compensation at the rate of $7.50 per week "be paid in a lump sum up to the date of these findings, to-wit: May 21, 1914, and that he hereafter receive compensation during disability at the sum of $7.50 per week," and that he be paid $20 attorney's fees and $4 clerk's fees. While the amendment was not made until October, the order contemplates that the amended findings shall speak as of the date of the original findings, namely, May 21, 1914.

The finding that total disability existed at the time of the hearing is clearly not supported by the evidence. The claimant made no such claim; on the contrary he stated that he had worked on Friday as well as for some days prior thereto, had laid off on Saturday to attend the hearing, intended to return to work on Monday, and thought he was able to do so. He stated that heavy lifting caused him pain, but did not state that his work involved such lifting. He stated that he was then employed to take samples of ore from loaded ore cars, presumably for examination or analysis by the experts of the company or its customers. The record gives no other information concerning the character of his work, or the sort of services he was accustomed to perform. There is no evidence tending to show that his earning ability was impaired at the time of the hearing. He was in fact then earning more than at the time of the accident. If it had been made to appear that his employment was merely temporary, and that his earning power was in fact diminished in consequence of the injury, the compensation provided by the statute for such diminution of earning power, whether partial or total, should have been allowed, but the record discloses no such facts. It follows that the finding that claimant's disability continued to exist on May 21, 1914, is not sustained by the evidence, and that so much of the judgment as directs payment of compensation for disability after that date must be and is vacated.

4. Relator also challenges the allowance of attorney's fees. The statute provides: "Costs may be awarded by said judge in his dis-

cretion, and when so awarded the same costs shall be allowed, taxed and collected as are allowed, taxed and collected for like services and proceedings in civil cases." G. S. 1913, § 8225. Attorney's fees are not allowed in ordinary civil actions and can be allowed only when authorized by statute. Schmoll v. Lucht, 106 Minn. 188, 118 N. W. 555. In the case cited it was held that the statute providing for the enforcement of mechanics' liens authorized the allowance of attorney's fees in actions to foreclose such liens. But the statute here in question limits the costs which may be allowed to those allowed for "like services and proceedings in civil cases." The only costs allowable in civil cases are the actual disbursements and what are usually termed statutory costs. As the court had authority to allow $10 as statutory costs, the allowance, outside actual disbursements, will be reduced to the sum of $10 and will stand in that amount.

The district court will modify its judgment to conform to the views hereinbefore expressed. No statutory costs will be allowed in this court.