## A. F. MIDDELSTADT AND ANOTHER v. JULIUS H. KOSTENDICK AND ANOTHER.[1]

### December 19, 1919.

### No. 21,498.

**Mechanic's lien — findings sustained — attorney's fee.**

In this action to foreclose a mechanic's lien, the evidence sustains the findings that plaintiffs had substantially performed their contract, so that what small defects existed could be remedied at a cost of not to exceed $25; that the time for completing the contract had been waived by defendant; and that certain extra work had been done for which additional compensation should be made. There was no abuse of discretion in allowing $65 as attorney's fees for foreclosing the lien.

Action in the district court for Sherburne county to foreclose a mechanic's lien and recover $117.50. The facts are stated in the opinion. The case was tried before Giddings, J., who made findings and ordered judgment in favor of plaintiffs for $92.50, and ordered a sale of the premises to satisfy the lien. From an order denying their motion to amend the findings or for a new trial, defendants appealed. Affirmed.

*Frank T. White,* for appellants.

*Charles S. Wheaton,* for respondents.

[1]Reported in 175 N. W. 553.

HOLT, J.

Action to enforce a mechanic's lien. Defendants appeal from the order refusing to amend the findings and denying a new trial.

Plaintiffs undertook to do the work in erecting a dwelling and barn on defendants' farm. The price for the work was $900. Defendants were to do the excavating for the cellar and foundation and furnished all the needed material. The house and barn were built, and plaintiffs were paid $800. Defendants refused to pay the remainder, on the ground that the work had not been performed as agreed nor within the time fixed. Plaintiffs filed their lien for the balance and for some extras. In the answer defendants counterclaimed for the delay and for defects. The court found that the contract had been substantially performed, except for minor omissions and defects which could be remedied at a cost not exceeding $25; that extra work was done of the value of $17.50; that defendants have waived the time limit of the contract; and allowed a lien and recovery for $92.50, together with interest and costs, including an attorney's fee of $65.

The doctrine of substantial performance of a contract as stated in such cases as Leeds v. Little, 42 Minn. 414, 44 N. W. 309, and Snider v. Peters H. B. Co. 139 Minn. 413, 167 N. W. 108, was, without doubt, properly applied here. Defendants' expert testified that it would cost only $32.75 to remedy the omissions or defects in this $900 job. The court found it would not exceed $25. Taking into consideration the great amount of work done under the contract, and the small sum required to remedy the defects therein, the conclusion is hardly to be avoided that there was a substantial performance.

The court's finding that the delay in completing the work was waived is sustained. Plaintiffs testified that, owing to illness and death of a member of defendants' family, in the old home situate close to the buildings plaintiffs were erecting, they, at defendants' request, left off working for three weeks.

Defendant objects to the extras allowed. As to the five dollars allowed for priming the barn, it is sufficient to say that it was apparently a needful work, that defendants acquiesced in it being done, and the specifications are silent in respect to who was to do it. The inference is warranted that this priming was extra work which defendants impliedly

promised to pay for. The $12.50 were allowed under these facts: The specifications call for a concrete foundation seven feet deep. At one corner of the building was a sink hole or soft spot of ground, so that it was there necessary to go four feet deeper than where it was solid ground, in order to find adequate support for the foundation. The additional concrete work thereby necessitated, defendants claim plaintiffs should construct without compensation, and they cite Stees v. Leonard, 20 Minn. 448 (494); Nash. v. City of St. Paul, 23 Minn. 132; St. Paul & N. P. Ry. Co. v. Bradbury, 42 Minn. 222, 44 N. W. 1. The facts in those cases are not like the ones here. Defendants were to do the excavating for the foundation. Plaintiffs had to follow the excavation so made. When defendants deemed it necessary to dig deeper than the specifications provided for the foundation wall, at this particular point, they tacitly invited or requested plaintiffs to construct the wall to that depth, and the court could well find that this addition to the wall was extra work authorized by defendants and for which reasonable compensation should be paid.

Error is assigned on the allowance of $65 as attorney's fees. The law permits the court to award reasonable attorney's fees for foreclosing a mechanic's lien. Section 7032, G. S. 1913, as construed in Schmoll v. Lucht, 106 Minn. 188, 118 N. W. 555. It cannot be claimed that the amount awarded is exorbitant for the work actually performed by the attorney. It only appears large when considered in connection with the smallness of the lien claimed. But the amount of attorney's fees rests in the sound discretion of the trial court. Defendants presented many defensive issues which they tenaciously sought to maintain. All things considered, we are unable to say that the sum allowed as attorney's fees is so excessive as not to be within the limits of the trial court's discretion.

The order is affirmed.