## ERNEST JOHANSON v. LUNDIN BROS. AND ANOTHER. IVAN BOWEN, PETITIONER.[1]

December 19, 1919.

No. 21,663.

**Workmen's Compensation Act — attorney's fees.**

Application by attorney for allowance of his fees for services rendered a disabled workman who received $231 in all from his employer, disallowed, because such fees cannot be recovered under the Workmen's Compensation Act. [Reporter.]

Upon the relation of Ivan Bowen the supreme court granted its writ of certiorari directed to the Honorable W. L. Comstock, judge of the district court for Blue Earth county, and others, to review an order denying the petition of relator for recovery of his attorney fees in proceedings in that court brought under the Workmen's Compensation Act by Ernest Johanson, employee, against Lundin Brothers and others, employers and insurers. Affirmed.

*LeRoy Bowen*, for petitioner.
*L. N. Foster* and *E. N. Ellingson*, for respondents.

PER CURIAM.

The only question presented for review in this proceeding is, whether the relator is entitled to recover attorney's fees under the provisions of the Workmen's Compensation Act. Chapter 84A, G. S. 1913.

The act, section 8225, of the statute provides: "Costs may be awarded by said judge in his discretion, and when so awarded the same costs shall be allowed, taxed and collected as are allowed, taxed and collected for like services and proceedings in civil cases."

Attorney's fees are not allowed in ordinary civil actions, and can be allowed only when authorized by statute. Schmoll v. Lucht, 106 Minn. 188,

---

[1] Reported in 175 N. W. 302.

118 N. W. 555; State v. District Court of St. Louis County, 129 Minn. 423, 152 N. W. 838.

Johanson was injured while in the employ of Lundin Brothers in September, 1916. In October they entered into a stipulation, whereby it was agreed that Johanson should receive $11 per week during his disability as compensation. This settlement was approved by the judge of the district court and filed with the clerk. Payments were made thereon up to March 6, 1917, when the respondents refused to make further payments, on the ground that Johanson had fully recovered. The relator had been employed as Johanson's attorney, and, after considerable correspondence, filed a petition with the district court and procured an order to show cause, which was served upon the respondents. The time for hearing thereon was set by order of the court for May 25, at which time the respondents appeared and produced a receipt dated April 20, 1917, and signed by Johanson, stating that he had received the sum of $22 as the final payment of compensation for his injury, making in all the sum of $231, in consideration of which he had released and forever discharged the respondents from liability. The relator then asked leave of the court to carry on the action and file an application for attorney's fees. The request was granted and relator filed his application. Thereafter such proceedings were had that the court made an order disallowing the application, upon the ground that he was not entitled to recover attorney's fees under the Workmen's Compensation Act. The case comes to this court by certiorari.

The order of the trial court is affirmed.