## OSCAR LIDSTROM v. AMHERST MINING COMPANY AND ANOTHER.[1]

January 7, 1927.

No. 25,714.

**Attorney's fee is not included in provision of compensation act allowing actual and necessary disbursements to prevailing party.**
    The provision in the compensation act authorizing the allowance of actual and necessary disbursements to the prevailing party does not include attorney's fees.

Workmen's Compensation Acts,—C. J. p. 131 n. 74.

Certiorari to review an order of the Industrial Commission allowing attorney's fees in a proceeding under the Workmen's Compensation Act. Reversed.

*Sexton, Mordaunt & Kennedy*, for insurer.

*Swanson, Swanson & Swanson*, for employe.

*Clifford L. Hilton*, Attorney General, and *Ernest C. Carman*, Assistant Attorney General, for Industrial Commission.

[1]Reported in 211 N. W. 674.

WILSON, C. J.

On January 15, 1925, the employe was injured. Employer and insurer paid him $181.74 as compensation. Later upon petition the referee awarded him $2,350 less $181.74 for permanent injury. No appeal was made to the commission. On motion the fees of the employe's attorney were determined and made a lien pursuant to G. S. 1923, § 4267, in the sum of $450. On notice the employe applied to the commission to tax disbursements and included $350 as a part of said attorney's fees. Employer and insurer objected on the ground that the commissioner had no authority to allow attorney's fees on a hearing before the referee only, and that the same was not a "disbursement" within the meaning of the statute. The order allowing the item is now before us for review on certiorari.

Under our former compensation law costs were allowed as in civil cases. In ordinary civil actions attorney's fees are not allowed as a "disbursement." State ex rel. Duluth D. D. Co. v. District Court of St. Louis County, 129 Minn. 423, 152 N. W. 838; Johanson v. Lundin Bros. 144 Minn. 470, 175 N. W. 302. They may be allowed only when authorized by statute.

Relative to our present compensation act the legislature has made three positive declarations: (1) That on the original hearing "the prevailing party may be awarded reimbursements for actual and necessary disbursements;" (2) "the commission in affirming or modifying and affirming or reversing a disallowance and allowing an award may include in such award reasonable attorney's fees incident to appeal;" (3) "if upon * * * review by the Supreme Court any award in favor of the injured employe or his dependents is affirmed or modified and affirmed or if disallowance is reversed the court may allow reasonable attorney's fees incident to the appeal." L. 1921, p. 124, c. 82, § 64; L. 1921, p. 654, c. 423, § 6; G. S. 1923, § 4324; L. 1925, p. 153, c. 161, § 10. The last amendment authorizes the commission to allow attorney's fees in its award or in a proceeding to tax disbursements.

The provision for attorney's fees in the appeal to the commission or when the matter is before this court for review, is exclu-

sively for the benefit of the employe. The general provision now under consideration relates to the "prevailing party" and of course includes both employe and employer. The well recognized rule of liberal construction of the act in favor of the employe is therefore inapplicable.

The legislature having made two express provisions for attorney's fees, we cannot say that the word "disbursement" as used in the sentence immediately preceding, for the benefit of both employe and employer, was intended to embrace attorney's fees. The language in our opinion indicates exactly the contrary. It appearing that the legislature provided for attorney's fees on appeal to the commission and when the matter is before this court for review, it necessarily follows that they did not intend to have attorney's fees allowed in the original hearing. If the legislature intended to include in the word "disbursement" attorney's fees in the original hearing they would not have expressed the meaning in different language in reference to matters on appeal or review. Indeed the legislature has never used the word "disbursement" in a way to indicate that they meant it to include attorney's fees. Perhaps the nearest they have come to doing so was in the adoption of R. L. 1905, § 3517, which because of its revisory character does not change the existing law unless the intention to do so is clear. The substituted portion is in lieu of L. 1895, p. 224, c. 101, § 2. We call attention however to the fact that the construction permitting the allowance of reasonable attorney's fees under that statute, in Schmoll v. Lucht, 106 Minn. 188, 118 N. W. 555, rested upon the word "costs" and not "disbursements."

We are not unmindful of the memorandum accompanying the decision of the Industrial Commission in support of the suggestion that the Industrial Commission or the referee should have discretionary power to allow to the employe attorney's fees, but we consider that a matter for legislative consideration.

Reversed.