## JOHN J. SCHUTZ v. INTERSTATE CONTRACTING COMPANY AND ANOTHER.[1]

February 14, 1936.

No. 30,545.

*Paul C. Thomas* and *Will A. Blanchard,* for appellants.
*Atwood Cranston,* for respondent.

HOLT, JUSTICE.

Plaintiff sued the defendant contracting company as principal and its surety on a bond given pursuant to 2 Mason Minn. St. 1927, § 9700, as amended by L. 1931, c. 229, 3 Mason Minn. St. 1934 Supp. § 9700, to recover for material furnished the contracting company in paving a trunk highway under a contract with the state highway department. After the action was begun defendants paid the entire demand with taxable costs, except the $50 which plaintiff claimed to be the reasonable value of his attorney's fees. Judgment for the amount claimed was rendered, and defendants appeal.

Prior to L. 1931, c. 229, attorney's fees were not allowable in actions on bonds given under § 9700, but by c. 229 these words were interpolated therein: "and for the enforcing of the terms of the

[1]Reported in 265 N. W. 296.

bond if action is brought on the bond, including reasonable attorney's fees, in any case where such action is successfully maintained." The amendment was no doubt intended to spur up the payment of just claims by imposing upon the debtor some of the expenses which a creditor would incur in resorting to a suit on the bond. But the question here arises whether the words quoted so read that as soon as the action is begun plaintiff becomes entitled to attorney's fees. The condition precedent to recovery of attorney's fees is that an action has been successfully maintained. It would be an unusual expression to speak of an action "successfully commenced." Anyone can begin an action. To maintain an action successfully ordinarily means that plaintiff prevails on the trial. Successfully maintaining an action by a party who begins it would seem to imply that at its conclusion he is awarded a judgment therefor. The attorney's fees are not a part of the cause of action, but something the court is authorized to award after it has been determined that plaintiff is entitled to recover on his cause of action. First State Bank v. Utman, 136 Minn. 103, 161 N. W. 398. We have cases of promissory notes wherein the maker has promised to pay attorney's fee "if sued," or if "suit be instituted," or if suit is brought, in all of which the beginning of an action on the note fixes liability for attorney's fee. Pinney v. Jorgenson, 27 Minn. 26, 6 N. W. 376; Jones v. Radatz, 27 Minn. 240, 6 N. W. 800; Johnston Harv. Co. v. Clark, 30 Minn. 308, 15 N. W. 252; Campbell v. Worman, 58 Minn. 561, 60 N. W. 668. In allowing attorney's fees to mechanics' lien claimants the court said the awarding thereof was "to be exercised at the trial." Schmoll v. Lucht, 106 Minn. 188, 191, 118 N. W. 555, 556. The implication is that no attorney's fees could be allowed where the claim was paid before trial. Here the claim, with interest plus all taxable costs, was paid and accepted before trial; therefore there could be no trial and no judgment upon the cause of action, and no attorney's fees, except as included in the ten dollars statutory costs paid. Under those circumstances we do not think plaintiff has brought himself within the provision of the statute authorizing a recovery for reasonable attorney's fees in any case where an action on the bond is success-

fully maintained. The two last words must mean that the claim asserted in the action has been tried and judgment thereon has been ordered or entered in favor of plaintiff.

Having reached this conclusion, it is unnecessary to consider other questions raised. It has been assumed that the record is such that defendants cannot question the reasonableness of the attorney's fees for which judgment was given.

Judgment reversed.