## CLARENCE J. BARRETT v. EDWARD C. HAMPE AND OTHERS.[1]

May 29, 1952.

No. 35,603.

*Nilva, Frisch & Schway,* for appellants.
*Sanborn, Jackson & Biorn,* for respondent.

LORING, CHIEF JUSTICE.

This is an action to foreclose a mechanic's lien on property located at 1815 Scheffer avenue, St. Paul. The district court for

[1]Reported in 53 N. W. (2d) 803.

Ramsey county gave judgment for plaintiff for $5,644.62 and decreed that plaintiff is entitled to a lien on the property.

In May 1947, Benjamin Specktor, then owner of the unimproved property, requested plaintiff to submit a bid for masonry brickwork for the house to be built on the property. June 4, 1947, plaintiff submitted his bid, which specifically excluded any retaining walls on the grounds. There is some testimony that the plans at that time indicated there should be retaining walls, but no specifications for them were given. The bid ($3,150) was accepted, and work was commenced by plaintiff June 11, 1947. From time to time, changes were made and extras added, but the work done pursuant to the bid was completed September 29, 1948.

September 27, 1948, Specktor entered into an earnest money contract with defendants Hampe for conveyance of the property to them. At this time, various things were left to be done on the house, such as putting in tile, completing the laundry room, putting in a heater, and finishing a vegetable cellar and a cedar chest. The contract between Hampe and Specktor required that the latter do 15 different things to complete the improvements, including construction of a retaining wall in the rear. October 9, 1948, plaintiff and Specktor agreed that plaintiff would build the retaining wall. There was testimony—and the trial court found— that plaintiff and Specktor discussed building the retaining wall as early as the latter part of 1946. Work on the wall was completed March 8, 1949, and plaintiff filed a lien statement June 3, 1949, covering all the work done by him on the premises.

It is to be noted that the lien statement was filed within 90 days after completion of the retaining wall, but not within 90 days of the completion of the work done by plaintiff under the original contract.

Defendant Twin City Federal Savings & Loan Association (hereinafter referred to as Twin City Federal) became a mortgagee of the premises on August 9, 1947. Since work was commenced by plaintiff on June 11, 1947, if plaintiff's lien statement was filed in time to preserve his lien for all the work done, Twin City Fed-

eral's mortgage is subsequent to the lien. The trial court so found in favor of plaintiff, and Twin City Federal has not appealed.

On this appeal from the judgment in favor of plaintiff, there are four questions presented for decision:

(1) Since the lien statement was filed within 90 days of completion of the retaining wall, was the trial court justified in giving plaintiff a lien for the amount of all the work done by him?

(2) Does the evidence in the record sustain the finding of the trial court that the reasonable value of the work done by plaintiff was $4,344.08?

(3) Does the evidence sustain the finding of the trial court that the reasonable value of plaintiff's attorneys' services was $750?

(4) May plaintiff be awarded attorneys' fees on this appeal?[2]

█ In Paine & Nixon Co. v. Dahlvick, 136 Minn. 57, 58, 161 N. W. 257, we stated as a general rule:

"* * * The only question is whether the finding is sustained by the evidence. If the work being done is one continuous work constituting one job, though there are several agreements for the furnishing of different materials, each being a separate contract for some part of the general work, a lien claim filed within 90 days after the last item preserves a lien for all. [Citing cases.] If the contracts are separate and distinct and unrelated, not in connection with a continuous work or job, a lien claim filed does not preserve a lien upon materials furnished prior to the 90 days."[3]

The question is not what kind of contract was entered into, but whether the materials furnished or the work performed was all pursuant to one job as a continuous undertaking. American Bridge Co. v. Honstain, 120 Minn. 329, 139 N. W. 619. In Villaume Box & Lbr. Co. v. Condon, 146 Minn. 156, 178 N. W. 492, we recognized

---

[2]Appellants do not state the legal questions involved on this appeal. This practice is contrary to Supreme Court Rule VIII(3)(c), and we would not allow appellants' statutory costs should they prevail.

[3]And, see Heimbach Lbr. Co. v. Spear, 140 Minn. 276, 167 N. W. 1041.

that there comes a time when additional work may not be considered as connected with previous work. In that case, although the trial court found that the work was connected, we reversed and held that it was not, saying (146 Minn. 157, 178 N. W. 493):

"When the owner determines to add something to the building after its construction has been completed and it has been delivered and accepted, materials furnished to the contractor to make the addition and not to accomplish the general purpose of the original contract are considered to be furnished under a new and independent contract."

That case is to be distinguished from the one at bar. As stated above, plaintiff and Specktor talked about retaining walls from October 1946 on. There is also testimony that when plaintiff asked Specktor for money, after completing the work other than that on the retaining wall, Specktor told him over the telephone that "we can't get any money until we get this retaining wall in back."

In Minneapolis Trust Co. v. G. N. Ry. Co. 74 Minn. 30, 33, 76 N. W. 953, 954 (see, also, *Id.* 81 Minn. 28, 83 N. W. 463), this court said:

"* * * True, Ring & Tobin had completed their work properly, and were not obliged to furnish any more stone. But the railway companies demanded the change, and consented to the furnishing of more material in order to make that change. By demanding the additional material before making payment, Maxfield assumed that Ring & Tobin had not completed their contract, and is now estopped to say that they had."

The testimony in the case at bar was to the effect that the rear retaining wall was connected to a side retaining wall, which supported a porch to the house, and Specktor testified that he agreed to pay for all when the wall was finished. We hold that the evidence sustains the finding of the trial court that this was a continuous undertaking.[4]

---

[4]The trial court used the phrase "continous contract." This was a loose use of the phrase, but a finding of a continuous undertaking is implicit in the court's finding.

Defendants cite Paine & Nixon Co. v. Dahlvick, 136 Minn. 57, 161 N. W. 257, and A. Y. McDonald Mfg. Co. v. Newstone, 187 Minn. 237, 244 N. W. 806. In each of those cases the trial court found no connected undertaking, and these findings were upheld by this court. They support defendants' contentions not at all. They go only to show that the question is whether the findings are supported by the evidence. Other cases cited by defendants are to be distinguished. In their argument, they attempted to find a distinction between cases in which the lien claimant is a materialman and those in which the claim is for the value of services. We can see no basis for such distinction.

■ Defendants attack the finding of the trial court as to the reasonable value of the material and labor furnished. On the trial, plaintiff started to prove the reasonable value of all the work, including that under the original bid. Defendants admitted the amount for the work originally estimated as follows:

"Mr. Schway [defendants' attorney]: If the Court please, I would like to object to any further interrogating along this line. We have admitted, rather than take a lot of time going through all these items, we have admitted that the work that he originally estimated of $3150.00 was substantially done plus some more work. I think we are taking the Court's time needlessly. There is no question in our mind that he did perform work."

Pursuant to this admission, the court indicated to plaintiff that he need give evidence only as to the reasonable value of extra work. On the stand, plaintiff went into great detail as to the extra work done and its reasonable value. This is best set out in columnar form. The information is taken from the record, and reference thereto is by page numbers.

Extras

    (a)   Front changed from brick to stone
          (pp. 65, 68) ......................$210.00
    (b)   Front steps (pp. 69-70) ...........  17.50

(c)  Side of front vestibule changed from brick to stone after half completed (pp. 70-73):

for the stone .......... $100.00
for removal of brick already laid ........ 15.00    115.00

(d)  Front of garage doors (pp. 74-77) ..  81.60

(e)  Gable rear of house—brick added (pp. 77-80) .....................  76.90

(f)  East gable bricked (pp. 80-82) ...... 105.56

(g)  Additional fill for floors (pp. 83-87)

for sand ............. $  1.00
for labor ............. 37.20
for truck ............ 5.00
extra cost of concrete.. 10.00    53.20

(h)  Extra cement in driveway continuation (pp. 87-89) .................  72.60

(i)  Additional step on Scheffer avenue (p. 92) ........................  10.00

(j)  Side steps and platform (pp. 94-98) 124.00

(k)  Bay window (pp. 99-100) .......... 215.00

(l)  Fairview side platform railing and patching (pp. 101-104) ........... 183.85

(m)  Gable on Fairview (pp. 105-108) ...  78.26

Total for extras ..................$1,343.47

Testimony by plaintiff brought out the following:

Credits

Changing front from brick to stone (p. 112) ........................... $ 76.04
Sidewalks not laid (p. 90) ............. 17.50

Side steps and platform (p. 99) .......... 25.00
Bay window (p. 100) ................... 75.25
Fairview gable (pp. 176-177) ........... 19.25
    Less total credits ......................... 213.04
                                                  ─────────
Net cost of extras ................................. $1,130.43
Original bid ...................................... 3,150.00
Rear retaining wall—
    Labor (pp. 124-133) ............ $19.40
                                      34.10
                                       9.75
                                      12.40
                                       7.75
                                      19.87
                                      15.90
    Material (pp. 134-136) ..........   8.08
                                       53.98
                                       17.70
                                       22.16
    Insurance, workmen's compensa-
        tion (p. 138) ................ 11.91
    Equipment (p. 139) ........... 15.00
    Supervision (p. 138) ........... 22.10
                                      ─────────
    Total for retaiing wall ......................... 270.10
                                                  ─────────
Total value ....................................... $4,550.53
                                                  ─────────

A bill of particulars was furnished by plaintiff for the trial. In this bill of particulars, the work was not separated into original bid, extras, and retaining wall, but was lumped together. The amount stated in the bill of particulars is $4,344.08, and it is this amount which the trial court allowed. As can be seen, this is a lesser amount than the total of the amounts stated by plain-

tiff on the trial for the extras plus the original bid. This difference was explained by plaintiff as follows:

"Yes, the reason for that is that on my bill of particulars I used the invoices and the actual number of hours as I took them from my time book plus the cost of my equipment and insurance and taxes and so on in arriving at the figure that I billed him. Now, in setting up our cost here for extras we use a unit price which was a prevailing price at that day and in computing the number of units we arrive at a different answer which is less which would indicate that I lost money or lost the difference between the two."

In their brief, defendants attack the court's finding of value by using various methods of computation. One of the errors in their computation is that they take the testimony of plaintiff as if it were testimony as to the reasonable value of all the work and treat it as such. Actually, the testimony was only as to extras, and this was the result of the admission of defendants stated above. Evidence in the record sustains the finding of the trial court that the reasonable value for work and materials was $4,344.08.

■ Defendants also assert that the allowance of $750 as attorneys' fees was excessive. Again, we set these figures out in columnar form:

| | |
|---|---|
| Lien statement | $ 5.00 |
| Filing fee | 1.00 |
| Complaint filing fee | 2.00 |
| Complaint and preparation | 50.00 |
| Notice of lis pendens filing fee | 1.00 |
| Notice of lis pendens preparation | 15.00 |
| Summons preparation | 15.00 |
| Service of summons | 4.60 |
| Trial fee | 2.00 |
| Service prior to trial | 437.50 |
| Calendar setting | 10.00 |
| Trial work | 450.00 |

As can be seen, these amounts total more than the $750 allowed. Defendants offered no testimony as to what constituted reasonable attorneys' fees and did not cross-examine plaintiff's attorney on this question. Defendants argue that they were willing to admit liability in the sum of $3,350 and that, since plaintiff claims only $4,344.08, the amount in controversy was only something like $1,000. They argue that attorneys' fees of $750 are excessive in relation to the $1,000. The answer to this contention is that plaintiff was suing for the full amount of $4,344.08, and that it was the full amount which was in controversy. Since the amount of attorneys' fees allowed is not unreasonable on its face, the trial court's finding is sustained. Middelstadt v. Kostendick, 144 Minn. 319, 175 N. W. 553; Behrens v. Kruse, 121 Minn. 90, 140 N. W. 339; Friendly v. Larsen, 62 Nev. 135, 144 P. (2d) 747 (judgment of $2,910.69—$750 attorney's fees held reasonable).

■ Plaintiff requests additional attorneys' fees on this appeal.[5] M. S. A. 514.14 provides:

"* * * Judgment shall be given in favor of each lienholder for the amount demanded and proved by him, with costs and disbursements to be fixed by the court at the trial, * * *."

This court has interpreted this provision to include attorneys' fees at the trial. Middelstadt v. Kostendick, 144 Minn. 319, 175 N. W. 553. But we have found no mechanic's lien case in which this court granted attorneys' fees for an appeal, nor has any such case been called to our attention. Rather (in a case not concerned with this question), we have said that the allowance of attorneys' fees is—

"to be exercised at the trial according to the circumstances of each particular case, * * *." Schmoll v. Lucht, 106 Minn. 188, 191, 118 N. W. 555, 556.

It is true that such fees are allowed in proper workmen's compensation cases, but this is by the express provisions of M. S. A.

---

[5] It should be noted that we are not here concerned with statutory costs on appeal.

176.65. Section 574.26 provides for attorneys' fees, in general terms, in cases involving contractors' bonds. That such provisions are strictly construed may be seen by an examination of Schutz v. Interstate Contracting Co. 196 Minn. 426, 265 N. W. 296.

Plaintiff has not cited any cases or other authority to support his contention. We have examined authorities from other jurisdictions, without considering those states in which such fees are expressly authorized by statute. The general rule appears to be that attorneys' fees on appeal in an action to foreclose a mechanic's lien are not allowed in the absence of express legislation. Hendrix v. Gold Ridge Mines, Inc. 56 Idaho 326, 54 P. (2d) 254; cf. Flint v. Bronson, 197 Wash. 686, 86 P. (2d) 218. We so hold.

Judgment affirmed.

MR. JUSTICE CHRISTIANSON took no part in the consideration or decision of this case.