ALBERT JOHNSON v. H. HOLST and Others.[1]

June 20, 1902.

Nos. 13,067—(163).

Gift Causa Mortis.

In an action brought by an executor of the last will and testament of a deceased person to recover the possession or value of certain promissory notes alleged to belong to the estate, the record is examined, and the evidence *held* sufficient to support and sustain the verdict of the jury that the deceased, prior to his death, made a gift of the notes to defendants.

Action in the district court for Goodhue county by plaintiff, as

[1] Reported in 90 N. W. 1115.

executor of the last will and testament of Jacob Wohlers, deceased, to recover possession of certain promissory notes, or the value thereof if possession could not be had. The case was tried before Williston, J., and a jury, which rendered a verdict in favor of defendants. From an order denying a motion for judgment notwithstanding the verdict but granting a motion for a new trial, plaintiff appealed. Affirmed.

*O. M. Hall*, for appellant.

*F. M. Wilson* and *S. J. Nelson*, for respondents.

BROWN, J.

Action to recover the possession, or value, in case possession cannot be had, of certain promissory notes. Defendants had a verdict in the court below, and plaintiff appeals from an order denying his motion for judgment notwithstanding the same.

The short facts are as follows: Jacob Wohlers was in his lifetime the owner of certain promissory notes made and delivered to him by some of the defendants, and it is claimed by plaintiff, the executor of the last will and testament of said Wohlers, who died on August 8, 1900, that defendants wrongfully and unlawfully took the notes from the possession of Wohlers in his lifetime, and wrongfully destroyed them. The defense to the action was that Wohlers, a day or so prior to his death, made a gift of the notes to defendants. The only question presented to the jury was whether this defense was true,—whether or not, before his death, Wohlers gave the notes in controversy to defendants. The jury found that they were so given to defendants, and returned a verdict in their favor.

There are but two assignments of error in this court: (1) That the court below erred in refusing to direct a verdict for plaintiff; and (2) that the court below erred in denying plaintiff's motion for judgment notwithstanding the verdict. The only question presented under these assignments is whether the evidence is conclusive, as a matter of law, that the notes were not given to defendants by Wohlers, or perhaps whether there is any evidence in the record tending in any substantial degree to establish such

86 M.—32

gift. If there is any such evidence, the order appealed from must be affirmed.

The evidence is brief, and shows that defendants are relatives of Wohlers' wife, who is also deceased; and it reasonably tends to show that Wohlers, during a serious illness, a short time prior to his death, expressed an intention, to persons not parties to the action or interested therein, of returning the notes to defendants. He stated to one witness that he "wanted these notes returned to his wife's folks," and to another that he desired defendant C. F. Holst, who appears from the evidence to have attended to considerable of his business matters prior to this, to attend to the matter for him.. Defendants had given the notes, and, for aught the record shows, they were the only notes held by deceased against his "wife's folks." A day or so before he died, C. F. Holst and one of the other defendants were at his bedside, and the notes in question were taken from the tin box in which they were kept, handed to deceased, who examined and then handed them to Holst, who placed three of them in his pocket, to be delivered to defendants not then present, and two of them he marked "Paid" in the presence of the deceased. What was said by deceased at that time, or what was said by any of the other parties there present, was not given in evidence, because of the statute prohibiting testimony of conversations with a deceased person. There is no direct testimony that at the time of the delivery of the notes to Holst, as we have already stated, deceased indicated by any verbal statement an intention to give them to defendants. Whether he in fact intended to do so by the transaction and acts disclosed can be determined only from other facts and circumstances, and from his previous declarations that such was his intention. The learned trial court was of opinion that the evidence was sufficient to take the question to the jury, and he subsequently approved their verdict by denying plaintiff's motion for judgment notwithstanding the same.

We have read the evidence with considerable care, and reach the conclusion that the trial court should be sustained. The evidence relied upon to show the gift is not strong nor overpersuasive, yet it reasonably tends in that direction; and the negative

of the question is not so palpably apparent as to warrant this court in ordering final judgment against defendants. We are guided to this conclusion to a considerable extent, as· this court always is in such cases, by the fact that the trial court had the witnesses before him, and was in better position to judge of their credibility; and by the further fact that he has approved the result arrived at by the jury.

The suggestions contained in subdivision 6 of appellant's brief, to the effect that the statute prohibiting testimony of conversations with a deceased person should be construed to exclude testimony of things done as well as of things said, are not pertinent to any assignment of error, and we think it unwise to enter into any discussion of that question. It is not necessary to a determination of the case, and we refrain. .

The order appealed from is affirmed.