# HARRY W. OEHLER, EXECUTOR OF ESTATE OF CHARLES E. BRINEY, v. OSCAR FALSTROM AND ANOTHER.

142 N. W. (2d) 581.

April 1, 1966—No. 39,841.

*Harry W. Oehler,* for appellant.

*Mansur, Mansur & Mansur,* for respondents.

Nelson, Justice.

Plaintiff appeals from a judgment of the district court.[1]

The record indicates that in September 1959 the defendants moved to St. Paul and became adjoining neighbors and friends of plaintiff and his wife. Plaintiff's wife died in 1960 but the friendly association between plaintiff and defendants continued. In April 1961 defendants told plaintiff that they were going to purchase a home and it appears that in subsequent discussions it was agreed that if a suitable home could be found plaintiff would move in and live with defendants and also assist in financing the home.

A home located at 2160 Highland Parkway, St. Paul, was finally purchased by defendants pursuant to a contract for deed dated April 11, 1961. The contract set the purchase price at $26,500, and required defendants to make a downpayment of $5,500. They were to obtain a first mortgage of $21,000 to pay the balance and the contract provided that if they were unable to obtain the mortgage within 2 weeks the earnest money paid was to be refunded and the contract canceled. Defendants made a payment of $1,000 to the sellers by check on April 11, 1961, and obtained the mortgage loan for $21,000 within a day or two. Plaintiff had delivered his check for $1,000 on April 11 to defendants and on April 15 delivered his check for $4,500 to them to cover the total downpayment of $5,500.

Thereafter, plaintiff and defendants moved into and occupied the home at 2160 Highland Parkway. While so residing with defendants, plaintiff paid them $100 per month for room and board, this arrangement continuing until plaintiff moved out in December 1961.

It appears that during the period between April and October 1961, plaintiff made no demand upon defendants for the return of the money advanced to cover the downpayment and that no conversation was had between the parties as to the status of the money at the time of the delivery of the checks. It appears that within 6 months from the time defendants made the purchase of the home and plaintiff advanced to them the downpayment, he contended that the money was a loan and

---

[1] Plaintiff died subsequent to the taking of the appeal and the executor of his estate was substituted as appellant.

presented to defendants a writing which was offered as plaintiff's exhibit C in the court below. This was in plaintiff's handwriting and contained the following words:

"I, Charles E. Briney, have loaned to Oscar and/or Elaine Falstrom the sum of 5500.00 dollars toward the purchase of a home located at 2160 Highland Pkwy., St. Paul, Minn. Said sum of money to be repaid in yearly installments without interest. On my death payments are to be paid to my estate."

In various conversations during the period before plaintiff prepared this statement, defendants had thanked him for his generosity and defendant Oscar Falstrom informed plaintiff that he had been named a beneficiary in Falstrom's will so that if defendants predeceased plaintiff he would inherit the property. At these times plaintiff made no comment concerning, or demand for, payment. When he presented the statement to defendant Oscar Falstrom, the latter said that plaintiff would have to sue for it and also that Falstrom would see a lawyer for advice about the matter.

It also appears that prior to October 1961 plaintiff had gone to Pittsburgh and before going had taken out a travel insurance policy running to defendants as beneficiaries. However, when plaintiff returned from Pittsburgh he presented defendants with the foregoing writing and demanded that the money advanced be recognized by them as a loan. Defendants refused to do so and contend that the money was a gift. Defendant Oscar Falstrom testified that sometime before the money for the downpayment had been advanced he had said to plaintiff that "Elaine [his wife] tells me that you want to give us the down payment on a home." The record indicates that neither at the time of the delivery of the checks nor subsequently did the parties discuss repayment except when plaintiff presented the written statement—approximately 6 months after the downpayment had been made.

Suit was thereafter brought by the plaintiff demanding judgment against defendants for $5,500 and interest thereon from October 1961; that such judgment be decreed a first lien against the property subject only to the first mortgage thereon; and that the real estate be sold under

the direction of the court. Separate answers were filed by defendants, each consisting, except for certain admissions, of a general denial of the allegations contained in plaintiff's complaint. Just before trial, which was had to the court by consent of the parties, defendants moved to amend their answers to delete the general denial and make the following allegation in lieu thereof:

"That the defendants, and each of them, admit the receipt of $5500.00, $1000.00 having been received on April 8, 1961, and $4500.00 having been received on April 11, 1961, but allege that the receipt of said money was in the form of a gift by the plaintiff and not in the form of a loan as set forth in the complaint."

The court permitted the amendments.

After trial the court ordered judgment for defendants after determining that "[p]laintiff has not proved by a fair preponderance of the evidence that the transaction was a loan and, therefore, plaintiff is not entitled to recover anything from the defendants herein." The court made no reference to defendants' claim that plaintiff had made a gift to them nor to their testimony on that issue. Plaintiff's subsequent motion to vacate the order and amend the findings and conclusions in his favor was denied, as was his alternative motion for a new trial, and judgment was thereafter entered in defendants' favor.

A careful perusal of the entire record makes clear the contentions of the parties—plaintiff's, that the money he had paid to defendants constituted a loan; and defendants', that the money constituted a gift for the purpose of enabling them to purchase the home at 2160 Highland Parkway.

■ To constitute a valid gift inter vivos, the donor must deliver the property to the donee, or to someone for him, with intent to vest title in the donee, and without reserving any right to reclaim the property. It must be voluntary, gratuitous, absolute, and made by a person competent to contract. There must be freedom of will; the gift must be complete; the property must be delivered by the donor and accepted by the donee, and the gift must be put into immediate and absolute effect. The legal elements are (1) delivery, (2) intention to make a gift on the part of the

donor, and (3) absolute disposition by him of the thing which he intends to give to another. See, 8A Dunnell, Dig. (3 ed.) § 4020, and cases cited.

A delivery must be made with the present intention of making a gift and passing the title absolutely. Questions of intent are questions of fact. 8A Dunnell, Dig. (3 ed.) § 4024, and cases cited. Questions of acceptance are questions of fact. A gift perfected by delivery is an executed contract and needs no consideration, but a mere promise to make a gift, being executory, is invalid without a consideration. Id. §§ 4026, 4027, and 4028. A gift, however, can only be established by clear and convincing evidence. Id. §§ 4038, 4039; Hooper v. Vanstrum, 92 Minn. 406, 100 N. W. 229; Jenning v. Rohde, 99 Minn. 335, 109 N. W. 597; Werner v. Miller, 248 Minn. 75, 78 N. W. (2d) 63.

■ Here, it would appear that when plaintiff had established by the evidence submitted in his behalf that he had delivered the two checks totaling $5,500 to defendants and that these had been applied in making the downpayment on the home purchased by them, and that such payments were intended to be a loan to them, he had made out a prima facie case of ownership and the burden then rested on defendants to establish a gift. While the answers were practically general denials to begin with, their amendment alleging that the receipt of the money was "in the form of a gift by the plaintiff and not in the form of a loan" asserted as a defense the claim that the plaintiff made a gift inter vivos. It was thereafter defendants' burden to establish, by clear and convincing evidence, a gift as against plaintiff's claim of a loan.

In the case of Chard v. Darlington, 243 Minn. 489, 68 N. W. (2d) 405, the plaintiff brought an action to recover personal property belonging to the estate of a deceased person. This court said proof that the property belonged to decedent immediately or shortly prior to death made out a prima facie case of ownership and that the burden then rested on the one who asserted a gift of such property to prove such gift. This court in discussing the trial court's instructions said in the Chard case (243 Minn. 494, 68 N. W. [2d] 409):

"* * * The applicable rule is that, when plaintiff had established that the bonds were the property of decedent immediately or shortly prior to his death, that made out a prima facie case of ownership, and the

burden then rested on defendants to establish a gift. While the answer is simply a general denial, the defense consists of defendants' claim that decedent made a gift *inter vivos* and the proof of that defense rests on the one who asserts it."

■ It is clear from the record that issue was fully joined when plaintiff claimed that the money he paid to defendants was a loan and defendants claimed that the money used by them to make the downpayment was a gift. However, the findings of fact, conclusions of law, and order for judgment go no further than to conclude that plaintiff has not proved by a fair preponderance of the evidence that the transaction was a loan, that plaintiff therefore is not entitled to recover, and that defendants should have judgment in their favor, together with their costs and disbursements.

We are not unmindful that the court might well have had some difficulty with the manner and the order of the presentation below. Nevertheless the fact issues relative to whether or not there was an executed gift from plaintiff to defendants remain undisposed of. Under the circumstances we find it necessary to order vacation of the judgment entered in favor of defendants and to remand the case to the court below with directions to make a complete determination of the issues submitted, which must of necessity include whether the execution of a gift has been established by the required degree of proof in favor of defendants.

Reversed with directions.

SHERAN, JUSTICE (concurring specially).

Because I do not think that the remand limits the trial judge to a determination that the transaction involved was or was not a gift, I add these comments in explanation of my vote to concur.

The meager record on which the trial judge was required to act suggests that the parties reached the courtroom because both assumed, mistakenly as things developed, that they would be able to live together harmoniously in a home purchased by defendants who made the downpayment with money advanced by the deceased and committed themselves to monthly payments of the balance presumably in reliance on the payment of $100 per month by deceased for board and room. As a result of this mistake, and the failure of the parties to make any provision for their respective rights should their plan to live together prove unsatis-

factory, defendants received from the deceased $5,500, which he would not have transferred to them had he contemplated the events which did in fact occur. Defendants, on the other hand, acting in reliance upon the expressed willingness of the deceased to provide the downpayment for the home and to pay $100 a month for board and room, have committed themselves to the purchase of a house which they would not have otherwise bought and to the risk of losing this investment if the monthly payments go in default. All parties seem to have acted in good faith and the present difficulty is due to the fact that both were mistaken with respect to an essential condition of the arrangement.

The trial judge was clearly right in his conclusion that the evidence failed to establish a loan. Brooks v. Worthington, 206 Va. 352, 143 S. E. (2d) 841. Defendants having pleaded affirmatively that the transaction amounts to a gift, it will be appropriate for the trial court upon remand, in view of our decision in Chard v. Darlington, 243 Minn. 489, 68 N. W. (2d) 405, to determine whether defendants have sustained their burden of proof on this issue.

But it will also be possible, I believe, particularly since the plaintiff's prayer for relief requests "such other relief as may be just," for the court to limit plaintiff to equitable relief on the theory of unjust enrichment. If this is done, the measure of recovery will be the benefit accruing to the defendants by reason of the mutual mistake. The court will be free to take into consideration any detriment suffered by the defendants in reasonable reliance upon the conduct and assurances of the deceased and, if it is determined that defendants are indebted to the deceased in some amount, to fix the terms and conditions of repayment in order to avoid the hardship to the defendants which would result if a sum accepted in the reasonable anticipation that repayment would not be demanded becomes an enforceable obligation payable in full and on demand. See, Scott, *Restitution From an Innocent Transferee Who is Not a Purchaser For Value,* 62 Harv. L. Rev. 1002; Annotation, 40 A. L. R. (2d) 997.

By remanding the case to the district court it will be possible for the parties and the trial judge to give further consideration to the troublesome problems posed by this case and it is for this reason that I concur with the disposition embodied in the majority opinion.

ROGOSHESKE, JUSTICE (dissenting).

I cannot agree with the disposition of this appeal.

At the close of plaintiff's case in chief the only evidence tending to prove that the money was loaned was his subjective declaration that such was his intention which he first disclosed after he supplied the funds to defendants and when he demanded repayment. In my opinion, upon all of the testimony there is no evidentiary basis from which it could be reasonably inferred that the funds were either advanced at defendants' special instance and request or that defendants, by words or conduct, expressly or impliedly promised repayment. Thus, the proof necessary to establish a prima facie case for a loan is lacking. The trial court simply concluded that plaintiff did not prove by a fair preponderance of the evidence that the transaction was a loan, and therefore the issue of whether the delivery of the funds constituted a gift is unnecessary to decide.

Unlike Chard v. Darlington, 243 Minn. 489, 68 N. W. (2d) 405, plaintiff here did not have the burden of establishing ownership of personal property to make out a prima facie case of conversion but rather the burden of establishing that the transaction was a loan. To remand and direct a finding on defendants' claim of a gift presupposes that the court erred in finding a failure on the part of plaintiff to prove his claim. If the court on remand finds the evidence also insufficient to establish a gift, as is quite likely, the disposition of this case will be unchanged unless we are holding that in that event plaintiff's proof is sufficient as a matter of law.

In my opinion, we have no choice but to affirm unless the facts of this case call for a change in the fundamental rules relating to burden of proof.[1] It may be that plaintiff has a right to recover all or part of the funds supplied upon some theory other than a loan, but that question is not presented and it is not within our province to make that determination on this record.

OTIS, JUSTICE (dissenting).

I join in the dissent of Mr. Justice Rogosheske.

---

[1] Rule 1(5), Uniform Rules of Evidence; McCormick, Evidence, § 319; Netzer v. N. P. Ry. Co. 238 Minn. 416, 57 N. W. (2d) 247.

UPON APPEAL FROM CLERK'S TAXATION OF COSTS.

On May 6, 1966, the following opinion was filed:

PER CURIAM.

Minn. St. 607.01, as amended by L. 1965, c. 608, provides:

"Subdivision 1. Costs in the supreme court may be allowed, *in the discretion of the court,* as follows:

"(1) To the prevailing party, upon a judgment in his favor on the merits, not exceeding $25;

\* \* \* \* \*

"Subd. 2. In all cases the prevailing party shall be allowed his disbursements necessarily paid or incurred *unless otherwise ordered by the court.*" (Italics supplied.)

It is clear that this court has been given the discretion under this statute to determine whether costs and disbursements are to be allowed, and in what amount.

The clerk in this case has allowed appellant costs and disbursements of $406.30, to which respondents object on several grounds. They claim that appellant's brief failed to present and discuss the issue on appeal and that his statement of the issue was entirely wrong, since he stated it to be whether a gift had been made and the issue was in fact whether defendants were required to prove a gift or not. Furthermore, respondents claim that appellant failed to state the legal question involved, contrary to the requirement of Supreme Court Rule VIII(3)(c), (222 Minn. xxxiii), and did not follow Supreme Court Rule VIII(3)(g), (222 Minn. xxxiv) in his assignments of error. They argue therefore that appellant should not be awarded costs and disbursements, citing Barrett v. Hampe, 237 Minn. 80, 53 N. W. (2d) 803.

We feel bound to give at least partial recognition to respondents' contentions since neither the record nor appellant's brief furnish what is desired in assistance to the court. This court is of the opinion that respondents' objections to the amount of appellant's taxation of costs are well taken under the circumstances. Costs and disbursements will be allowed herein, in the discretion of the court, as follows: Costs to appellant not exceeding $25 and disbursements not exceeding $162.75.