## HARRY W. OEHLER, EXECUTOR OF ESTATE OF CHARLES E. BRINEY, v. OSCAR FALSTROM AND ANOTHER.

160 N. W. (2d) 403.

July 12, 1968—No. 41,070.

*Harry W. Oehler,* for appellant.

*Mansur, Mansur & Mansur* and *Edward N. Mansur,* for respondents.

PER CURIAM.

Appeal from a judgment of the District Court of Ramsey County entered in defendants' favor June 19, 1967. The facts are fully stated in Oehler v. Falstrom, 273 Minn. 453, 142 N. W. (2d) 581, wherein we remanded the case for determination of fact issues relating to whether execution of a gift was established by the required degree of proof.

Plaintiff filed a motion for summary judgment following the remand. On the date of the hearing on this motion defendants requested a withdrawal of the jury note of issue filed following the remand and requested the removal of the case from the jury calendar and from the calendar for the trial date. Following a discussion between the parties as to the posture of the case, and with the agreement of both counsel, the court entered the following order:

"That under the decision of the Supreme Court in Oehler v. Falstrom, 273 Minn. 453, 142 N. W. 2d 581, this case was remanded to this court for the making of a complete determination of the issues submitted.

"That such complete determination of the issues submitted would be made on the basis of the record previously made in the trial commencing May 22, 1964, and that neither side would be permitted to offer any additional or new evidence.

"That the trial date of October 17, 1966, heretofore set by the jury as-

signment clerk pursuant to the note of issue filed on May 16, 1966, is hereby cancelled.

"That the case is regarded as submitted to the Court for decision, except that the defendants are to file a brief on or before November 15, 1966, and plaintiff is to file his brief within thirty days after receipt of defendants' brief.

"Except to the extent that the foregoing order grants any of the motions made by either party, all of such motions are denied."

Thus, the question before the trial court was "whether the execution of a gift has been established by the required degree of proof in favor of defendants." 273 Minn. 458, 142 N. W. (2d) 586. The sole issue on the remand was whether there was sufficient evidence upon which the trial court could find that the delivery of the $5,500 involved represented a gift to defendants, the court below having found prior to the first appeal that the facts, upon the evidence originally submitted, did not prove by a fair preponderance thereof that the transaction was a loan. In its decision after the remand the trial court made the following findings:

"The delivery of the $1000.00 check on April 11, 1961, by Charles E. Briney to Oscar Falstrom was not a loan at the time of such delivery.

"The delivery of the $4500.00 check on April 15, 1961, by Charles E. Briney to Oscar Falstrom was not a loan at the time of such delivery.

"The delivery of the $1000.00 check on April 11, 1961, by Charles E. Briney to Oscar Falstrom was a gift at the time of such delivery.

"The delivery of the $4500.00 check on April 15, 1961, by Charles E. Briney to Oscar Falstrom was a gift at the time of such delivery.

"Plaintiff is not entitled to the relief which is sought in the complaint.

"Defendants are entitled to the relief which is sought in the amended answer."

The trial court in its memorandum following its decision on remand had this to say relative to its conclusion that a gift had been established:

"* * * I am satisfied there is clear and convincing evidence that on April 11, 1961, and April 15, 1961, Mr. Briney intended to make a gift of the $5500.00. It follows that I find the evidence clear and convincing that the $5500.00 was a gift by Mr. Briney to Mr. and Mrs. Falstrom."

Rule 52.01, Rules of Civil Procedure, provides:

"In all actions tried upon the facts without a jury * * * the court shall find the facts specially * * *. * * * Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."

In Walters v. Common School Dists. 265 Minn. 284, 295, 121 N. W. (2d) 605, 612, this rule was interpreted to mean:

"* * * [F]indings of fact made by the trial court will be disturbed only where the evidence, considered as a whole, does not reasonably support them, and further, when an action is tried by a court without a jury its findings are entitled to the same weight as the verdict of a jury and will not be reversed on appeal unless they are manifestly contrary to the evidence."

As stated in Oehler v. Falstrom, *supra,* the essential elements of an inter vivos gift are delivery, acceptance, and donative intent. In this case the $5,500 was clearly delivered to defendants and there can be no question on the element of acceptance, since that is presumed where, as here, the gift is beneficial. The only question of real significance is whether there was donative intent.

In reviewing the facts, it is immediately apparent that the court was confronted with conflicting testimony on whether plaintiff's decedent, Charles E. Briney, intended to make a gift of the $5,500. However, in Johnson v. Holst, 86 Minn. 496, 90 N. W. 1115, it was held that intent can be inferred from the circumstances surrounding the gift. In the case at bar, there is ample circumstantial evidence to support a finding of the requisite donative intent to make a gift. Briney took no steps to establish that the $5,500 was a loan until at least 6 months after the money had been delivered. During those 6 months he did not set up any schedule of repayment. He lived with defendants in the home for which the $5,500 was used as a downpayment and paid $100 per month for room and board. If the $5,500 had been a loan, it would hardly seem likely that Briney would be paying $100 for room and board, since the amount charged therefor could have been applied in reduction of such loan. Briney also inspected a number of houses with defendants and their decision to buy the house at 2160 Highland Park was largely based on the fact that Briney approved of the purchase.

Thus, these facts and circumstances support the trial court's findings that the checks, totalling $5,500, were delivered to defendants by Briney as gifts.

Defendants are entitled to an affirmance.

Affirmed.