**In re ESTATE of Beverly E. LOBE, Deceased.**

**No. C5–84–35.**

Court of Appeals of Minnesota.

May 29, 1984.

■■■■■■■

■■■■■■■■■■■■

Trenti, Saxhaug, Berger, Roche, Stephenson, Richards by Vernon D. Saxhaug, Virginia, for appellant.

Donovan, McCarthy, Crassweller & Magie, P.A. by Donald B. Crassweller and Brian R. McCarthy, Duluth, for respondent.

Considered and decided by WOZNIAK, P.J., and HUSPENI and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

This is an appeal from a trial court order disallowing appellant Matthew Smith's claim against respondent Beverly E. Lobe's estate.

## FACTS

Appellant Matthew Smith filed a claim against the estate of Beverly E. Lobe for $36,250.00, an amount allegedly loaned Lobe by Smith over a 5-year period during her lifetime. Evidence of the loan was limited to testimony of and records maintained by Smith and testimony of a longtime friend of Smith who observed money passing between Smith and Lobe. There was no written evidence of debt. At the time of the alleged loans, Smith and Lobe were involved in a romantic relationship. Smith had substantial financial indebtedness. Lobe had substantial assets. Lobe's estate alleges the Smith claim was not established by sufficient evidence and, in addition, was barred by the Statute of Frauds. The trial court agreed. We affirm.

## ISSUE

Was there clear and convincing evidence to establish a gift, rather than a loan, so as to preclude a claim against the Lobe estate?

## ANALYSIS

■ Smith alleges the trial court erred in finding that the money he allegedly gave Lobe was a gift rather than a loan, contending that once he "demonstrated that he advanced the funds to decedent [Lobe], those funds are presumed to be a loan unless and until the recipient can, by clear and convincing evidence, show that a gift was intended", citing Oehler v. Falstrom, 273 Minn. 453, 142 N.W.2d 581 (1966), affirmed after remand, 281 Minn. 561, 160 N.W.2d 403 (1968). He contends Lobe never established a gift by that type of evidence. In Oehler, the plaintiff had established, by competent evidence, a delivery of money to defendants, and that, coupled with his claim it was a loan, made a prima facie case of ownership and the burden then rested on defendants to establish a gift. Id. at 457, 142 N.W.2d at 585. The evidence here supports application of the Oehler rule. Smith's friend had "seen him [Smith] give her [Lobe] money one time," describing it as a "large amount of bills." This testimony, together with Smith's claim that he had made a loan, established a prima facie case of ownership of Smith in the money given Lobe. Thereafter, Lobe's burden was to establish, by clear and convincing evidence, a gift as against Smith's claim of a loan. Id.

■ The legal elements of a gift are "(1) delivery, (2) intention to make a gift on the part of the donor, and (3) absolute disposition by him of the thing which he intends to give to another." Id. at 456–57, 142 N.W.2d at 585. Clear and convincing proof requires more than a preponderance of the evidence but less than proof beyond a reasonable doubt. Clear and convincing proof will be shown where the truth of the facts asserted is " 'highly probable.' " Weber v. Anderson, 269 N.W.2d 892, 895 (Minn.1978). In addition to Smith's self-serving declarations and record books, the evidence before the trial court included intriguing testimony by Smith's friend who

witnessed Smith giving Lobe some money. He testified that Smith, after the money exchange, told him what was going on and he responded "you're crazier then hell", and that he thought Smith "was lovestruck or whatever. He wasn't thinking right. He was being conned, I am quite sure."[1] One would not be far wrong in concluding Smith's friend was irritated with Smith for *giving* Lobe some money.

Neither counsel pursued this witness to find out what Smith had told him "was going on" between Smith and Lobe. One can speculate on the reasons for such failure of pursuit.

■ Considering this illuminating dialog between Smith and his friend, with the evidence of a romantic relationship between Smith and Lobe and Lobe's substantial assets, together with the lack of any written evidence of debt, the Court could find it "highly probable" Smith had made gifts to Lobe.

■ Despite the lack of detailed fact finding, (the trial court's findings were, more or less, simple statements of the allegations of the parties and nowhere "really found" any facts but merely "found" the evidence did not establish a contract for the repayment of any sums by Lobe to Smith),

the evidence supports the trial court's conclusion that the advancements were gifts. Because that evidence consisted almost entirely of oral testimony, and the trial court sat as the trier of the fact, we can disturb its conclusions only under the most unusual circumstances. *Fidelity Bank and Trust Co. v. Fitzimons,* 261 N.W.2d 586 (Minn. 1977). Those circumstances do not exist here.

The evidence being sufficient to establish a gift as opposed to a loan, it is unnecessary to consider application of the Statute of Frauds.

## DECISION

The evidence was sufficient to enable a finding by the trial court, sitting as the trier of the fact, that Smith's advances to Lobe were in the nature of a gift rather than a loan.

Affirmed.

---

1. Neither counsel referred to this critical conversation in their briefs. In fact, Smith's counsel referred this court to the transcript for a more complete discussion of the facts and background. It seems to the court that the degree of success one might anticipate with this court would be enhanced immeasurably by submission of comprehensive briefs containing all the critical evidence necessary to enable this court to engage in proper review.