**In re ESTATE OF Angela W. MICHAELSON.**

**No. C1–85–1824.**

Court of Appeals of Minnesota.

March 11, 1986.

Ralph E. Carter, Minnetonka, for appellant Michael D. Michaelson.

Andy L. Bond, Minneapolis, for respondents Galen C. Michaelson and Timothy L. Michaelson.

Considered and decided by POPOVICH, C.J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Michael Denis Michaelson appeals from an order of the probate court removing him as personal representative of the estate of his mother, Angela Michaelson, and naming a disinterested third party as successor personal representative. We affirm.

## FACTS

Angela Michaelson, a widow, died testate on July 27, 1984. She was survived by three sons: appellant Michael Denis Michaelson and respondents Galen C. Michaelson and Timothy L. Michaelson. Appellant resided with his mother until the time of her death and currently resides in her home.

The decedent executed a will and inter vivos trust agreement before she died. At the time of her death, she owned the home in Minneapolis in which appellant now resides, a lake property in Todd County, a vacant lot in Colorado, and two vacant lots in Florida. She also owned miscellaneous household goods, jewelry, clothing, and bank accounts. She owned non-probate assets in the form of joint bank accounts, joint savings bonds, and life insurance policies with named beneficiaries.

Appellant was named as personal representative in the will. His brothers requested appellant to commence a probate proceeding to determine the validity of the will. When appellant took no action, they presented the will for probate on September 24, 1984. Appellant alleges that their petition for probate was denied. They allege that they agreed to withdraw their petition if appellant would agree to promptly file a petition to have the will probated with appellant as personal representative in a supervised administration.

In November 1984, the will was admitted to probate and appellant was named personal representative in a supervised proceeding. At the hearing on the petition to admit the will to probate, according to the respondents, it was agreed that all would meet at the homestead and review the personal property of the estate. It was also agreed that no real estate would be sold without the consent of the probate court.

In August 1984, before the will was admitted to probate, the respondents went to the decedent's home to recover some personal property from the residence. When appellant did not answer the door, they let themselves in with a key. At that point, appellant appeared and called the Minneapolis police to report a burglary in progress. When the police arrived; they did not interfere with the removal of the property. Respondents allege that they removed only non-probate assets belonging to them; appellant alleges that they removed property of the estate.

After appellant was appointed personal representative, respondents again requested permission to enter the house and to remove some property to which they

claimed title. Appellant refused to allow them access to the house.

After appellant was appointed personal representative, he placed an advertisement in a local paper offering the Todd County property for sale. He also requested his attorney, by letter dated January 12, 1985, to have this property recorded in the name of Rehabanon, Inc., a corporation which he controls. In this letter to his attorney, appellant also stated:

I have no intention of dividing any property of my mother's estate or conducting any guided tours. * * * No trespassers will be allowed on the estate without prior written approval.

Appellant placed classified advertisements in a newspaper for the week of January 23–31, offering three ladies' wristwatches and other items of jewelry for sale. Respondents allege that these watches are property of the estate; appellant alleges that they belong to him.

To date, no progress has been made in probating the estate. Appellant has claimed expenses as personal representative in excess of $15,000 through December 31, 1984. This includes an alleged 451 hours of time, and over $1,000 expended in installing bars on the windows of decedent's homestead. Appellant has claimed 45 hours of time for talking to "informants" through December 31, 1984.

On January 30, 1985, respondents filed a petition for removal of appellant as personal representative and seeking appointment of a neutral third party. Respondents basically alleged six reasons for appellant's removal:

1. Refusal to divide the personal property of the estate and attempts to sell items of personal property which respondents allege belong to the estate.

2. Refusal to complete specific bequests made in the will.

3. Attempting to transfer real property of the estate to Rehabanon, Inc., a corporation which he controls.

4. Attempting to sell real property belonging to the estate, in violation of the letters testamentary.

5. Accusing respondents of stealing $250,000 from the estate and removing personal property belonging to the estate, and attempting to "abate" any bequests to petitioners in order to reimburse the estate for the alleged thefts.

6. Claiming excessive expenses as personal representative.

The probate court ordered appellant removed as personal representative on February 28, 1985. On July 2, 1985, the district court issued an order affirming the order of the probate court and appointing a neutral third party as personal representative. Appellant appeals from the district court's order.

## ISSUE

Did the district court abuse its discretion in removing appellant as personal representative of the estate and appointing a neutral third party?

## ANALYSIS

Removal of a personal representative of an estate is governed by Minn. Stat. § 524.3–611(b) (1984) which provides:

Cause for removal exists when removal is in the best interests of the estate, or if it is shown that a personal representative or the person seeking his appointment intentionally misrepresented material facts in the proceedings leading to his appointment, or that the personal representative has disregarded an order of the court, has become incapable of discharging the duties of his office, or has mismanaged the estate or failed to perform any duty pertaining to the office. In determining the best interests of the estate, the personal representative's compensation and fees, and administrative expenses, shall also be considered.

In *In re Estate of Munson*, 238 Minn. 366, 57 N.W.2d 26 (1953), the Minnesota Supreme Court held that the district court acted "entirely within its discretion" in af-

firming the removal of a personal representative where the probate court found:

[T]hat the representative was personally and financially interested as an heir in the administration of the estate; that his position was antagonistic to the administration of the will and the carrying out of its terms; and that he was unsuitable to continue to act as administrator of the estate.

*Id.* at 370, 57 N.W.2d at 29. *See also In re Estate of Matteson,* 187 Minn. 291, 245 N.W. 382 (1932) (conflict between interests of personal representative and interests of estate, *inter alia,* justified removal of personal representative).

Here, the district court found that removal of appellant as personal representative would "be in the best interest of the estate," and

That the present personal representative is in a position of having a conflict of interest with the general interests of the estate, and is no longer emotionally stable and disinterested in the resolution of these conflicts, and is unsuitable to continue on with the proper administration of the estate and prompt closing.

█ These findings are more than amply supported by the record. It is clear from the record that there is considerable animosity between the appellant and his brothers, and considerable disagreement as to what constitutes property of the estate, and how the estate should be divided.

Appellant in his brief *does not* argue that there is no conflict of interest between appellant and the estate. Instead, he merely reiterates the factual arguments already made before the probate court as to who owns what property and as to just what appellant was trying to do when he advertised for sale real property belonging to the estate.

█ There is also considerable evidence in the record supporting the trial court's finding that appellant "is no longer emotionally stable and disinterested in the resolution" of the conflicts with his brothers. For example, appellant has refused respondents access to their mother's home, has placed bars on the windows of the home, and has claimed expenses out of the estate for talking to "informants."

The probate court record contains numerous letters and pro se documents submitted by appellant to the court. Appellant has advanced a number of frivolous and incomprehensible arguments to the probate court which further support the district court's finding that appellant "has become emotionally unstable."

The trial court's finding that it was in the best interests of the estate to remove appellant as personal representative of the estate and appoint a neutral third party is clearly not erroneous, and the court acted well within its discretion in so ordering. Appellant should have nothing to fear from the appointment of a disinterested third party as personal representative. His interests will be fully protected, along with those of the respondents.

This appeal is frivolous, completely without merit, and has served only to further delay the administration of this estate. Accordingly, pursuant to Rule 138, Minn.R. Civ.App.P., we order appellant to pay $750 damages and double costs to respondents. If not paid by the time of final distribution, the probate court shall deduct said amount from appellant's share and order payment directly to respondents.

## DECISION

The trial court is affirmed. Appellant is charged with damages in the sum of $750, plus double costs, not payable or reimbursable from the estate, for asserting this frivolous appeal.

Affirmed.