Timothy KIECKER, Appellant,

v.

ESTATE OF Raymond KIECKER,
Curtis E. Kiecker, Personal
Representative, Respondent.

No. C4-86-2010.

Court of Appeals of Minnesota.

May 5, 1987.

Steven D. Emmings, Carey & Emmings, Ltd., Fairfax, for appellant.

Steven E. Hettig, Willette, Kraft, Walser, Nelson & Hettig, Olivia, for respondent.

Heard, considered and decided by POPOVICH, C.J., and HUSPENI and MULALLY,* JJ.

## OPINION

POPOVICH, Chief Judge.

This appeal is from a judgment denying appellant vendee's request for specific performance of a contract for deed by asserting decedent made a gift to appellant of remaining payments. Respondent estate of decedent was granted its counterclaim for payment owing. Appellant claims the trial court erred because (1) he proved the gift by clear and convincing evidence and (2) respondent is estopped from seeking further payments. We affirm.

---

* Acting as judge of the court of appeals by ap-

## FACTS

On December 27, 1976, decedent Raymond Kiecker sold to his nephew appellant Timothy Kiecker by contract for deed his 160–acre farm in Renville County for $79,-000 at 6% interest. Annual payments of $8000 were due each December until full payment.

Appellant paid decedent $12,740 by check dated December 23, 1977, $11,000 by check dated December 9, 1981, and $8480 by check dated December 25, 1983. The only writing on these checks by appellant was his signature. Appellant stated the first two checks were filled in by a bank employee and the third by decedent. Appellant does not read or write well and is unable to compute interest.

On March 15, 1984, decedent executed a document entitled "Receipt." The document states:

> Further, the undersigned, Raymond Kiecker, does hereby acknowledge that all Contract for Deed payments through December 27, 1983, have either been paid by Timothy Kiecker or the amounts of said payments not paid by Timothy Kiecker have been gifted by the undersigned to Timothy Kiecker and that said Contract for Deed as described above is current as of December 27, 1983. This receipt and acknowledgment shall be evidence by Timothy Kiecker of the current status of said Contract for Deed.

Appellant had lived on the farm with his father Emanuel Kiecker and decedent, Emanuel's brother, since appellant's early childhood in 1950. Emanuel Kiecker described the relationship between his brother and his son as father-son in nature.

On December 28, 1984, appellant, his father, and decedent were seated in the farmstead's kitchen. Decedent had recently returned from an extended hospital stay. After obtaining appellant's checkbook, decedent filled out a check for $8000 payable to himself. He also wrote on the memo line "Last Payment on Fram [sic]." Appellant signed the check and returned it to

pointment pursuant to Minn. Const. art. 6, § 2.

decedent who subsequently cashed the check. Although appellant knew what the memo inscription said, he did not comment that day or thereafter regarding its meaning. Neither did decedent. Appellant believed he had completed all payments required under the contract for deed. Actually, payments should have continued until 1992.

Decedent died testate on May 23, 1985. His will did not specifically devise his farm. Instead he left his estate to: Emanuel Lutheran Church (5%); appellant (22%); and 15 other nieces and nephews (73% to be shared equally).

Appellant sued respondent estate of decedent for specific performance of the contract for deed and immediate deliverance of the deed without further payment. The trial court by judgment entered September 15, 1986 concluded appellant "has not proven a gift of the remaining payments by clear and convincing evidence and [appellant] is not entitled to judgment for specific performance." The court awarded respondent estate judgment on its counterclaim for the December 1985 $8000 payment. Appeal is from the September 1986 judgment.

## ISSUES

1. Did the trial court err in concluding appellant did not establish a gift of the remaining contract for deed payments?

2. Was respondent estopped from seeking further contract for deed payments?

## ANALYSIS

■ 1. To constitute a valid gift inter vivos, the donor must deliver the property to the donee, or to someone for him, with intent to vest title in the donee, and without reserving any right to reclaim the property. It must be voluntary, gratuitous, absolute, and made by a person competent to contract. There must be freedom of will; the gift must be complete; the property must be delivered by the donor and accepted by the donee, and the gift must be put into immediate and absolute effect. The legal elements are (1) delivery, (2) intention to make a gift on the part of the donor, and (3) absolute disposition by him

of the thing which he intends to give to another.

*Oehler v. Falstrom,* 273 Minn. 453, 456–57, 142 N.W.2d 581, 585 (1966). The alleged donee bears the burden of proving the gift by clear and convincing evidence. *Id.* at 457, 142 N.W.2d at 585.

Clear and convincing proof requires more than a preponderance of the evidence but less than proof beyond a reasonable doubt. Clear and convincing proof will be shown where the truth of the facts asserted is " 'highly probable.' " *Weber v. Anderson,* 269 N.W.2d 892, 895 (Minn. 1978).

*In re Estate of Lobe,* 348 N.W.2d 413, 414 (Minn.Ct.App.1984).

The parties do not dispute decedent's capacity to make a gift. They do disagree regarding decedent's intent, delivery and acceptance.

■ Appellant claims a presumption of donative intent arises given the personal relationship between appellant and decedent.

Where a transfer a property is made to one person and the purchase price is paid by another and the transferee is the wife, child, *or other natural object of the bounty* of the person paying the purchase price, there is a presumption that the transaction is a gift, unless the person paying the purchase price manifests an intention that the transferee shall not have the beneficial interest in the property. Restatement, Trusts, § 442; 38 C.J.S., Gifts, § 65e.

*State v. One Oldsmobile Two-Door Sedan,* 227 Minn. 280, 286, 35 N.W.2d 525, 529 (1948) (emphasis added). But the record does not establish by clear and convincing evidence that decedent intended to "pay the purchase price" of the farm. While there was delivery and acceptance of the last check, decedent never made notation on the contract for deed or on the deed itself indicating a forgiveness, nor did decedent execute a document similar to his March 1984 receipt which forgave arrearages. Decedent never confirmed the gift orally nor did he ever deliver the deed.

Appellant claims decedent's intent to make a gift of all remaining payments un-

der the contract for deed is evidenced by the clear wording written by decedent on appellant's last check. He asserts "Last Payment on Fram [sic]" represents a gift of monies owing. But no evidence explains what decedent meant by that memo. He, like appellant, may have believed the December 1984 payment was merely the last payment due under the contract for deed.

Absent clear and convincing proof decedent gifted to appellant the remaining contract for deed payments, we cannot conclude the trial court erred in its judgment.

■ 2. Appellant claims respondent is estopped from seeking further payments on the contract for deed because of decedent's memo written on the December 1984 check. He analogizes to accord and satisfaction law. But accord and satisfaction involves a knowing payment of less than a full debt as satisfaction of the entire debt. Here appellant did not know he was paying less than the full debt on the contract for deed.

Generally, five elements must be shown to prove equitable estoppel: (1) misrepresentation of a material fact; (2) the misrepresentation must be knowing; (3) there must be an intention that the misrepresentation be acted upon; (4) the party asserting estoppel must not have had knowledge of the true facts; and (5) the party asserting the estoppel must have relied upon the misrepresentation with detriment. *Transamerica Insurance Group v. Paul*, 267 N.W.2d 180, 183 (Minn.1978).

*Alwes v. Hartford Life & Accident Insurance Co.*, 372 N.W.2d 376, 379 (Minn.Ct. App.1985). There being no evidence decedent knowingly made a misrepresentation, appellant's argument fails.

### DECISION

The trial court did not err in concluding appellant did not establish a gift of remaining contract for deed payments owing.

Affirmed.