*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0576**

In re the Estate of: Bernie E. Pederson, Decedent.

**Filed December 21, 2015
Affirmed in part, reversed in part, and remanded
Reilly, Judge**

Cass County District Court
File No. 11-PR-12-1719

Martin A. Carlson, Law Offices of Martin A. Carlson, Ltd., Minneapolis, Minnesota; and

Roy B. Henline III, Henline Law, P.A., Maple Grove, Minnesota (for appellant Connie Posl)

Susan M. Kadlec, Jovanovich, Kadlec & Athmann, PA, St. Cloud, Minnesota (for respondents Nancy Blair and Peter Pederson)

Considered and decided by Rodenberg, Presiding Judge; Reilly, Judge; and Klaphake, Judge.[*]

**U N P U B L I S H E D   O P I N I O N**

**REILLY**, Judge

In this probate dispute, appellant challenges the district court's determination that her brother and brother's business are not indebted to her father's estate and the denial of her request to remove her brother as the personal representative. We affirm the district

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

court's decision regarding indebtedness, but we reverse the decision denying the motion to remove the personal representative and remand for the appointment of a neutral party as the personal representative.

**FACTS**

Decedent Bernie Pederson had four children: appellant Connie Posl, respondents Peter Pederson (Pederson) and Nancy Blair, and Daniel Pederson, who predeceased decedent. Decedent made loans to all four children during his lifetime. The loans made to Pederson and Pederson's business, Park Rapids Floral, are at issue in this appeal. Pederson borrowed over $200,000 from decedent between 1997 and 2010, and Park Rapids Floral borrowed $30,000 from decedent in 2005. Blair borrowed $15,000 from decedent in 2001. It is undisputed that the loans to Posl and Daniel Pederson were repaid.

Decedent died in November 2011. His will provided for the residue of his estate to be distributed to Posl, Pederson, and Blair as equally as possible. The will also provided for Pederson to serve as decedent's personal representative and for Blair to serve as an alternate personal representative.

Posl filed a petition for formal probate of the will in August 2012, and she asked to be appointed the personal representative. The district court appointed Pederson the personal representative and admitted the will to probate. Posl then sought a determination that Pederson, Blair, and Park Rapids Floral are indebted to the estate for their outstanding loan principals and interest. Posl also sought removal of Pederson as the personal representative, arguing that he failed to perform necessary duties of a personal representative and mismanaged the estate. Following three evidentiary hearings, the

2

district court found that the evidence was "consistent with [Blair's] loan being paid in full." The district court also found that clear and convincing evidence established that "the amounts [d]ecedent's children borrowed from him personally or for Park Rapids Floral were forgiven by [d]ecedent prior to his death." The district court therefore determined that Pederson, Blair, and Park Rapids Floral are not indebted to the estate. The district court declined to remove Pederson as the personal representative, determining that sufficient cause for removal did not exist. Posl appeals.

## DECISION

### I.

Posl appeals the district court's determination that Pederson and Park Rapids Floral are not indebted to the estate. She does not challenge the district court's determination that Blair is not indebted to the estate.

A valid inter vivos gift must be delivered "'with intent to vest title in the donee, and without reserving any right to reclaim the property.'" *In re Estate of LeBrun*, 458 N.W.2d 139, 143 (Minn. App. 1990) (quoting *Oehler v. Falstrom*, 273 Minn. 453, 456, 142 N.W.2d 581, 585 (1966)). "The alleged donee bears the burden of proving the gift by clear and convincing evidence." *Id.* "Clear and convincing proof requires more than a preponderance of the evidence but less than proof beyond a reasonable doubt. Clear and convincing proof will be shown where the truth of the facts asserted is 'highly probable.'" *In re Estate of Lobe*, 348 N.W.2d 413, 414 (Minn. App. 1984) (quoting *Weber v. Anderson*, 269 N.W.2d 892, 895 (Minn. 1978)) (discussing clear-and-convincing-evidence standard in context of proving a gift).

3

Whether a gift was intended is a question of fact. *Olsen v. Olsen*, 562 N.W.2d 797, 800 (Minn. 1997). "Findings of fact . . . shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Minn. R. Civ. P. 52.01; *see* Minn. Stat. § 524.1-304(a) (2014) (stating that, unless inconsistent with probate statutes, "pleadings, practice, procedure and forms in all probate proceedings shall be governed insofar as practicable by the Rules of Civil Procedure"). "A finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake has been made." *In re Estate of Neuman*, 819 N.W.2d 211, 215 (Minn. App. 2012) (reviewing a district court's probate decision).

Decedent's loans to Pederson and Park Rapids Floral were not secured by promissory notes. Posl testified that decedent kept a ledger documenting the loans he made and the loan payments he received, but this ledger was not found after decedent's death. Park Rapids Floral made regular loan payments from September 2005 through May 2008, and decedent's tax returns show interest income from Park Rapids Floral from 2005 through 2007. Pederson testified that there is not an outstanding balance on the loan to Park Rapids Floral.

Pederson made fairly regular payments on his personal loans until November 2010, and he acknowledged that he did not fully repay the personal loans. But he testified that he discussed his loans with decedent in July 2011, while traveling to a hospital for decedent to have surgery. Pederson testified that decedent stated during that conversation, "I've got everything set the way I want it," "you don't owe me any money," and "[W]e're done. Everything is fine." Pederson testified that only he and decedent were present for this

4

conversation, and he admitted that a gift tax return was not filed for the alleged debt forgiveness.

Pederson testified that he "had a real close relationship" with decedent, either saw or talked to him every day, took care of him, and had power of attorney for him. Blair testified that she was also caring for decedent at the end of his life and that, when she discussed money with decedent during the final year of his life, decedent stated that she did not owe him money and, "I should write a check out to you and I should write a check out to [Pederson] for all you're doing for me."

The district court found Pederson's testimony that decedent forgave the loans to be credible. *Cf. LeBrun*, 458 N.W.2d at 143-44 (stating, where district court had discredited testimony that a gift was made, that "[w]hile the testimony could have supported a contrary order, the evaluation of testimonial evidence is a credibility determination by the [district] court"). The district court also noted that decedent "did not formally address the issue of amounts owed to him by his children or seek to collect on the loans in the years immediately prior to his death." The district court found that the evidence presented during the three evidentiary hearings demonstrated that "the amounts [d]ecedent's children borrowed from him personally or for Park Rapids Floral were forgiven by [d]ecedent prior to his death." Although the district court could have interpreted the evidence differently, we are not "left with a definite and firm conviction that a mistake has been made." *See Neuman*, 819 N.W.2d at 215. We conclude that the district court did not clearly err by finding that decedent forgave the loans to Pederson and Park Rapids Floral as gifts before his death.

## II.

Posl also appeals the district court's denial of her request for removal of Pederson as the personal representative. An appellate court "will not reverse the district court's determination regarding removal of a personal representative unless the district court clearly abused its discretion by disregarding the facts." *In re Estate of Martignacco*, 689 N.W.2d 262, 269 (Minn. App. 2004), *review denied* (Minn. Jan. 26, 2005).

> Cause for removal [of a personal representative] exists when removal is in the best interests of the estate, or if it is shown that a personal representative . . . intentionally misrepresented material facts in the proceedings leading to the appointment, or that the personal representative has disregarded an order of the court, has become incapable of discharging the duties of office, or has mismanaged the estate or failed to perform any duty pertaining to the office.

Minn. Stat. § 524.3-611(b) (2014). Animosity and disagreement between a personal representative and other heirs may provide a basis for removal. *See, e.g.*, *In re Estate of Michaelson*, 383 N.W.2d 353, 356 (Minn. App. 1986) (affirming removal of appellant and appointment of neutral party as personal representative in part because of "considerable animosity" and "considerable disagreement" between appellant and his brothers regarding administration of mother's estate). A conflict of interest between a personal representative's position as an heir and his duties regarding the administration of the estate may also provide a basis for removal. *See, e.g.*, *In re Munson's Estate*, 238 Minn. 366, 370, 57 N.W.2d 26, 29 (1953) (affirming removal of estate administrator where conflict of interest was apparent because administrator "was personally and financially interested as

6

an heir in the final administration of the estate" and "his position was antagonistic to the administration of the will and the carrying out of its terms").

Posl and Pederson have disputed numerous issues involving the estate besides whether Pederson and Park Rapids Floral are indebted to the estate. Additional topics of disagreement have included whether formal probate of the will was necessary, whether Pederson properly managed and documented estate assets, and whether Pederson used estate assets for personal purposes. The ultimate division of the estate continues to be contentious, a fact which the district court appears to have disregarded when it denied the motion to remove Pederson as the personal representative. The record strongly suggests that, because of the animosity between Pederson and Posl, the estate is unlikely to reach conclusion as long as Pederson is the personal representative. We reverse the district court's decision denying the motion to remove Pederson as the personal representative and remand for the appointment of a neutral party as the personal representative.

**Affirmed in part, reversed in part, and remanded.**