PITTMAN, Judge.
Lynn Adams (“the employee”) petitions for a writ of mandamus directed to the Franklin Circuit Court compelling, among other things, that court to transfer an action brought in that court pursuant to the Alabama Workers’ Compensation Act (now codified at § 25-5-1 et seq., Ala.Code 1975) by Fleet Force, Inc., to the Choctaw Circuit Court. We deny the petition.
In March 2007, Fleet Force filed a complaint in the Franklin Circuit Court alleging that it was a corporation doing business in Franklin County and that the employee was an individual residing in Toxey, Alabama, who had claimed to have suffered an injury arising out of and in the course of her employment with Fleet Force in November 2004 while in Albuquerque, New Mexico. Fleet Force further alleged that the parties were subject to the Act, that Fleet Force had paid compensation to and had conferred medical and rehabilitation benefits upon the employee pursuant to the Act, and that the parties disputed the existence and extent of any permanent physical impairment and any vocational disability resulting from the injury to the employee. Fleet Force requested that the Franklin Circuit Court enter a judgment determining, among other things, whether the employee had suffered a compensable injury under the Act, whether the employee’s claimed physical difficulties stemmed from a workplace injury, and whether Fleet Force was responsible for providing medical and vocational benefits under the Act.
Later that month, the employee filed a motion seeking a transfer of the case to Choctaw County on the basis that venue did not lie in Franklin County or, in the alternative, that venue was proper in Choctaw County based upon considerations of convenience and justice (see generally Ala.Code 1975, § 6-3-21.1). The employee filed affidavits in support of her motion in which she testified, in pertinent part, that she had resided in Choctaw County “each day that [she] was ever employed by” Fleet Force and that many of her prospective witnesses were also located far from Franklin County; she also filed affidavits of two of those prospective *245 witnesses indicating their inability to attend a trial in Franklin County. Fleet Force then filed a response in which it contended that the employee had signed an employment agreement providing that the venue for determining any disputes between the parties to the agreement would be Franklin County; the employee filed a reply to Fleet Force’s response and moved to strike the alleged employment agreement on the purported bases (1) that the response was untimely filed and (2) that her signature on the agreement was forged. The employee then filed an answer to Fleet Force’s complaint in which she admitted that Fleet Force was a corporation doing business in Franklin County and that she had been injured in Albuquerque, New Mexico.
On August 3, 2007, the trial court denied the employee’s request to transfer the case to Choctaw County. The employee filed on September 14, 2007, a petition for a writ of mandamus, seeking an order of this court directing the trial court to (1) transfer the case to Choctaw County on the basis that Franklin County is an improper venue; (2) transfer the case to Choctaw County on the basis of the doctrine of forum non conveniens; and (3) strike the employment agreement that was allegedly signed by the employee and that had purportedly specified Franklin County as the venue for hearing any disputes between the parties. Because the employee’s mandamus petition seeks relief in a matter in which this court has appellate jurisdiction, i.e., a workers’ compensation action, and has been filed within 42 days after the entry of the order denying the employee’s motion to transfer, which is a presumptively reasonable time, we have jurisdiction to consider that petition. See Ex parte Gamble, 709 So.2d 67, 71 (Ala.Civ.App.1998), and Rule 21(a)(3), Ala.R.App. P. Our Supreme Court, in Ex parte Scott Bridge Co., 834 So.2d 79, 80-81 (Ala.2002), set forth the following principles that govern our review of the petition:
“A petition for the writ of mandamus is the proper method by which to seek review of a denial of a motion for a change of venue. Ex parte Alabama Great Southern R.R., 788 So.2d 886 (Ala.2000). ‘Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995). [An appellate court] reviews a petition for a writ of mandamus challenging a ruling on venue under an abuse-of-discretion standard. Id.
“ ‘The burden of proving improper venue is on the party raising the issue and on review of an order transferring or refusing to transfer, a writ of mandamus will not be granted unless there is a clear showing of error on the part of the trial judge.’
“Ex parte Finance America Corp., 507 So.2d 458, 460 (Ala.1987).”
Accord Ex parte Cavalier Home Builders, L.L.C., 920 So.2d 1105, 1108 (Ala.Civ.App.2005).
Before the inception of the Act in 1919, employees desiring to obtain compensation from unwilling employers for injuries arising out of and in the course of employment were required to prosecute actions in tort and prove that the injuries were the fault of the pertinent employers; frequently, those actions failed because of the difficulty in proving negligence and the availability of affirmative defenses to defendant employers. See generally Steven W. Ford & James A. Abernathy II, “Historical Devel *246 opment of Alabama’s Workers’ Compensation Law,” 61 Ala. Law. 48 (2000). Under the Act, employees no longer may assert rights they held at common law to pursue a complete recovery of all damages recoverable in tort in a civil action against the employer, but in lieu of those rights they are afforded “immediate and certain medical care” and “immediate and certain limited compensation for disability” under the Act’s remedial scheme. Id. at 52.
Although the Act largely supplanted the prevailing substantive rules and remedies in the area of workplace injuries, the framers of the Act elected to vest in a familiar place the authority to hear and determine controversies arising thereunder. In no fewer than three separate sections of the Act, the Legislature specified that such controversies were to be submitted to the circuit court that would have heard a tort claim before the Act became effective. For example, § 21(1) of the Act stated:
“In case of a dispute between employer and employee ... with respect to the right to compensation under this act or the amount thereof either party may submit the controversy to the circuit court of the county which would have jurisdiction of a civil case in tort between the same parties. Such controversy shall be heard and determined by such judge or judges of said court as would hear and determine a civil action between the same parties arising out of tori ...”
Act No. 245, 1919 Ala. Acts, § 21(1) (emphasis added). The Act further provided the following procedural directions:
“Either party to a controversy arising under this act may file a verified complaint in the circuit court of the county which would have jurisdiction of an action between the same pariies arising ovl of tori which shall set forth ... such ... facts as may be necessary to enable the court to determine what, if any, compensation the employee ... [is] entitled to under this act.”
Id,. § 28 (emphasis added). Finally, and most notably, the Act originally contained a section in which the term “the court” was specifically defined as “the circuit court which would have jurisdiction in an ordinary civil case involving a claim for the injuries or death in question.” Id. § 36(2)(m) (emphasis added).
Although the Act has been amended on numerous occasions since its original enactment in 1919, it continues to retain the principle that actions to determine the compensation to be awarded to injured employees under the substantive provisions of the Act should be brought in the same court that would have considered a tort action concerning the injury had the Act not been passed. See, e.g., Ex parte Cavalier Home Builders, 920 So.2d at 1106 n. 1 (noting that “[v]enue of actions brought under the Act is the same as that applicable in tort actions generally”). In particular, each of the quoted sections of the Act as originally enacted has been brought forward into our current Code. See Ala.Code 1975, §§ 25-5-81(a)(1), 25-5-88, and 25-5-1(18). Thus, since the passage of the Act, any party — employee or employer — desiring an adjudication of the rights and duties of the parties with respect to an injury arising out of and in the course of employment within the scope of the Act has been required to seek that adjudication from the same court that, had the Act not been adopted, would have heard an employee’s tort claim for damages against the pertinent employer with respect to the injuries or death in question.
The attachments to the employee’s mandamus petition indicate that Fleet Force is a corporation and is located in Franklin County. Because Fleet Force is a corporation, venue of a hypothetical tort action *247 brought by the employee against Fleet Force would be governed by Ala.Code 1975, § 6-3-7, which specifies the proper venue for civil actions brought in Alabama courts against corporations. That section provides:
“(a) All civil actions against corporations may be brought in any of the following counties:
“(1) In the county in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of real property that is the subject of the action is situated; or
“(2) In the county of the corporation’s principal office in this state; or
“(3) In the county in which the plaintiff resided, or if the plaintiff is an entity other than an individual, where the plaintiff had its principal office in this state, at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiffs residence; or
“(4) If subdivisions (1), (2), or (3) do not apply, in any county in which the corporation was doing business by agent at the time of the accrual of the cause of action.”
Application of § 6-3-7 to the facts of this case yields only one proper venue: Franklin County, the location of Fleet Force’s “principal office” within the meaning of § 6-3-7(a)(2). Because the injury that forms the basis of the employee’s workers’ compensation claim (and, therefore, the basis of her hypothetical tort claim) took place in New Mexico, the “events or omissions giving rise to the claim” did not occur in any Alabama county so as to render § 6 — 3—7(a)(1) applicable. Moreover, the attachments to the mandamus petition do not demonstrate that Fleet Force has any business location in, or does business by agent in, Choctaw County, the county in which the employee resides, so as to render venue proper there under § 6-3-7(a)(3). Finally, by its terms, § 6-3-7(a)(4), the catchall corporate-venue provision, is inapplicable because § 6-3-7(a)(2) applies to render venue proper in Franklin County.
The employee contends that because Fleet Force brought a civil action against her, an individual, seeking a determination of its potential liability under the Act, the controlling venue statute is Ala. Code 1975, § 6-3-2(a)(3), which pertains to venue in civil actions of a legal nature against individuals generally. If that section applied, venue would indeed be improper in Franklin County because § 6-3-2(a)(3) specifies that actions against individuals that are of a legal nature (as opposed to an equitable nature) are to be brought either in the county of the defendant’s residence (i.e., Choctaw County) or the county in which the act or omission complained of may have been done or may have occurred (a provision which, as we noted in connection with § 6-3-7(a)(1), can have no application in this case because the occurrence giving rise to the employee’s claimed right to workers’ compensation benefits took place in New Mexico).
However, the employee’s argument overlooks the relationship between general venue provisions, such as those contained in § 6-3-2, and special venue provisions, such as those contained in the Act. Alabama caselaw holds that general venue provisions, such as those generally specifying where proceedings in equity should be brought, do not control over statutes that provide for a particular venue in a specific class of actions, such as in divorce actions or actions to enforce a common-carrier permit. See Puckett v. Puckett, 174 Ala. 315, 320, 56 So. 585, 586 (1911) (divorce); Cooper Transfer Co. v. Alabama Pub. *248 Serv. Comm’n, 271 Ala. 673, 675-76, 127 So.2d 632, 634-35 (1961) (common-carrier enforcement). Such holdings stem from the settled principles of statutory construction that (1) special provisions relating to specific subjects are to control general provisions relating to general subjects, and (2) when the law descends to particulars, special provisions are to be interpreted as exceptions to any general rules laid down to the contrary. See, e.g., Ex parte E.J.M., 829 So.2d 105, 108-09 (Ala.2001).
Moreover, the primacy of venue provisions in a specialized statute, such as the Act, over general venue provisions was recognized by the Minnesota Supreme Court in a decision interpreting that state’s workers’ compensation act, upon which Alabama’s Act was largely modeled. In State v. District Court of St. Louis County, 129 Minn. 423, 152 N.W. 838 (1915), the Minnesota Supreme Court rejected an employer’s contention that it had an absolute right, under a general venue statute pertaining to regular terms of court, to select a forum in which its employee’s workers’ compensation action would be heard. Noting that Minnesota’s workers’ compensation act contemplated that applications for relief were to be heard and decided summarily without regard to regular terms of court, the Minnesota Supreme Court ruled that “[pjroceed-ings under [the workers’ compensation] act are governed by the provisions contained in the act itself, and not by the general provisions cited by the [employer].” 129 Minn. at 425, 152 N.W. at 839. Because the Act was adopted by our Legislature from the workers’ compensation laws of Minnesota, the construction of those laws by Minnesota courts is particularly persuasive. See Ex parte Weaver, 871 So.2d 820, 825 (Ala.2003).
The Legislature has provided that actions may be brought by employers or employees under the Act to determine the benefits owed to an employee. The Legislature has also provided that such actions are to be heard by the circuit court that would have heard an ordinary tort claim arising from the injuries in question had the Act not become law. For that reason, the employee’s contention that venue is controlled by Ala.Code 1975, § 6-3-2(a)(2), fails.
The employee also contends that Franklin County is an inconvenient forum for parties and witnesses such that the trial court acted outside its discretion in declining to transfer the action to Choctaw County pursuant to Ala.Code 1975, § 6-3-21.1. However, § 6-3-21.1, by its terms, authorizes trial courts of general jurisdiction to transfer civil actions or civil claims that do not arise out of child-support or child-custody modification proceedings “to any court of general jurisdiction in which the action might have been properly filed ” (emphasis added). That statute thus places the burden upon a movant, such as the employee in this case, to establish, among other things, “that there is another county where venue is appropriate,” i.e., that the venue contended to be more convenient and just is, in fact, one in which the action might have originally been filed. Ex parte Volvo Trucks N. Am., Inc., 954 So.2d 583, 585 (Ala.2006) (emphasis removed). However, as we have noted, under the Act and under Ala.Code 1975, § 6-3-7(a), there is only one proper venue for Fleet Force’s action: Franklin County. For that reason, the employee’s contention that the case is due to be transferred under the doctrine of forum non conve-niens pursuant to § 6-3-21.1 necessarily fails.
Based upon our review of the materials presented in support of and opposition to the employee’s mandamus petition, and the applicable legal principles we have stated, *249 we conclude that Fleet Force properly brought its action under the Act in Franklin County and that the employee has no clear legal right to secure the transfer of that action to Choctaw County as a matter of right under § 6-3-2(a)(3) or as a matter of discretion under § 6-3-21.1. Because the prevailing law affords only one Alabama forum in which an action under the Act can be maintained — Franklin County — whether the employment agreement submitted by Fleet Force specifying Franklin County as the proper forum for hearing disputes between the parties should be struck as a forgery is a moot issue that does not affect any substantial rights of the employee. Rule 45, Ala.R.App. P.; see also Ex parte T.R.S., 794 So.2d 1157, 1159 (Ala.Civ.App.2001) (mandamus will not issue when issue is moot). Therefore, we deny the employee’s petition for a writ of mandamus.
PETITION DENIED.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.