MOORE, Judge.
Complete Employment Services, Inc. (“the employer”), seeks a writ of mandamus directing the Mobile Circuit Court to vacate its order granting the motion of Christopher S. Duff (“the employee”) to transfer this action from the Mobile Circuit Court to the Clarke Circuit Court and to enter an order denying the motion. We deny the petition.
On March 4, 2014, the employer filed a verified complaint in the Mobile' Circuit Court requesting the court to determine whether the employee had sustained injuries compensable under Alabama’s Workers’ Compensation Act (“the Act”), Ala. Code 1975, § 25-5-1 et seq., and, if so, to determine the extent of those injuries and the benefits to which the employee would be entitled under the Act. According to the complaint, the employee had claimed that he had .sustained injuries to . both of his hands while working for the employer in Jackson.
On March 14, 2014, the employee filed a motion to transfer the action to Clarke County. In his motion, the employee argued that, at the time he incurred the injuries to his hands, he was residing in Coffeeville and was working in Jackson, that he continued to reside in Coffeeville, and that both Coffeeville and Jackson are located in Clarke County. In support of his argument, the employee contended that the action should be transferred to Clarke County based on this court’s decision in Ex parte Adams, 11 So.3d 243 (Ala.Civ.App.2008), and Ala.Code 1975, §§ 6-3-2 and 6-3-7. In Ex parte Adams, this court stated, in pertinent part, that, in accordance with the Act,
“any party — employee or employer — desiring an adjudication of the rights and duties of the parties with respect to an injury arising out of and in the course of employment within the scope of the Act has been required to seek that adjudication from the same court that, had the Act not been adopted, would have heard an employee’s tort claim for damages against the pertinent employer with respect to the injuries or death in question.”
11 So.3d at 246. This court then determined that, because the action in Adams, like this action, had been filed by a corporation, venue of a hypothetical tort action brought by the employee in that case against the corporation would be governed by § 6-3-7. Id. at 247. The employee in the present case argued that, based on Adams, because the employee would have filed a tort action in Clarke County, the workers’ compensation action should be transferred to Clarke County. In the alternative, the employee contended that the action should be transferred to Clarke County based on Ala.Code 1975, § 6-3-21.1. The employer filed a response to the employee’s motion. The employee subsequently filed a memorandum in support of his motion to transfer the action, which he supported with his own affidavit. The employer filed a supplemental response to the employee’s motion, attaching thereto the affidavit of Linda Swope, the president of the employer, who asserted in that affidavit, among other things, that the employer’s principal place of business is located in Mobile County. On March 28, 2014, the Mobile Circuit Court entered an order granting the employee’s motion and transferring the action to the Clarke Circuit Court. That order stated, in pertinent part, that the court had determined that, “in the interest of justicef,] this matter should be transferred to the Circuit Court of Clarke County.” The employer timely *463 petitioned this court for a writ of mandamus.
“ ‘ “A writ of mandamus is an extraordinary remedy ... that should be granted only if the trial court clearly abused its discretion by acting in an arbitrary or capricious manner.” Ex parte Edwards, 727 So.2d 792, 794 (Ala.1998). The petitioner must demonstrate:
“ ‘ “ ‘(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (8) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ”
“ ‘Ex parte Edwards, 727 So.2d at 794 (quoting Ex parte Adams, 514 So.2d 845, 850 (Ala.1987)).’
“Ex parte D.J.B., 859 So.2d 445, 448 (Ala.Civ.App.2003).”
Ex parte S.P., 72 So.3d 1250, 1251-52 (Ala. Civ.App.2011).
The employer first argues that Ex parte Adams, supra, does not mandate that the action be transferred to Clarke County. In so arguing, the employer avers that, pursuant to Ex parte Adams and § 6-3-7, as discussed in Adams, “venue would be proper in either Mobile County or Clarke County.” Thus, there is no dispute that venue would be proper in Clarke County; moreover, there is no dispute that, pursuant to § 6-3-7(a)(2), Mobile County would be a proper venue for a tort action initiated by the' employee.
In granting the motion to transfer the action, the Mobile Circuit Court stated that it was granting the employee’s motion based on the “interest of justice.” Section 6-3-21.1(a) provides, in pertinent part, that,
“[w]ith respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any. court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein.”
Based on the wording of the Mobile Circuit Court’s order, it is clear that that court based its determination to transfer the action to Clarke County on § 6-3-21.1 and not solely on § 6-3-7 and Ex parte Adams. We therefore proceed to determine whether the Mobile Circuit Court erred in transferring the action to the Clarke Circuit Court pursuant to § 6-3-21.1.
“The ‘interest of justice’ prong of § 6-3-21.1 requires ‘the transfer of the action from a county with little, if any, connection to the action, to the county with a strong connection to the action.’ Ex parte National Sec. Ins. Co., 727 So.2d [788,] 790 [(Ala.1998)]. Therefore, ‘in analyzing the interest-of-justice prong of § 6-3-21.1, this Court focuses on whether the “nexus” or “connection” between the plaintiffs action and the original forum is strong enough to warrant burdening the plaintiffs forum with the action.’ Ex parte First Tennessee Bank Nat’l Ass’n, 994 So.2d 906, 911 (Ala.2008). Additionally, this Court has held that ‘litigation should be handled in the forum where the injury occurred.’ Ex parte Fuller, 955 So.2d 414, 416 (Ala.2006). Further, in examining whether it is in the interest of justice to transfer a case, we consider ‘the burden of piling court services and resources upon the people of a county that is not affected by the case and ... the interest of the people of a county to have a case that arises in their county tried close to public view in their county.’ Ex parte Smiths Water & Sewer Auth., 982 So.2d 484, 490 (Ala.2007).”
*464 Ex parte Indiana Mills & Mfg., Inc., 10 So.3d 536, 540 (Ala.2008).
In the present case, the employer averred in its complaint that the employee resided in Clarke County and that the injuries at issue had occurred in Clarke County, where the employee was working for the employee. “Although it is not a talisman, the fact that the injury occurred in the proposed transferee county is often assigned considerable weight in an interest-of-justice analysis.” Ex parte Wachovia Bank, N.A., 77 So.3d 570, 573-74 (Ala.2011). The employee stated in his affidavit that the witnesses to his accident work and live in Clarke County; that the ambulance personnel who transported him from the place where his injuries occurred to the hospital work and live in Clarke County; and that he had initially begun medical treatment in Clarke County, where he also had attended physical therapy three times per week. Linda Swope stated in her affidavit, however, that there are no known eyewitnesses to the employee’s accident; that the company that operated the mill where the employee’s accident occurred, Scotch Gulf Lumber, has its principal place of business in Mobile County; that the employer’s principal place of business is in Mobile County; and that, on the date of the accident, the employee had been transferred to a hospital in Mobile County for treatment.
The employer argues in its petition that the fact that the alleged accident occurred in Clarke County “is not sufficient enough to overcome [the employer’s] right to select its forum where that forum is proper under the law, especially when the location of the accident will not be relevant to a resolution of the dispute.” The employer fails, however, to cite any relevant legal authority in support of that assertion. See Rule 28(a)(10), Ala. R.App. P. The facts in this case reveal that the employee resides in Clarke County, that the alleged accident and injuries occurred in Clarke County, and that both the employer and Scotch Gulf Lumber do business in Clarke-County. Although the employer and Scotch Gulf Lumber have their principal places of business in Mobile County and the employee received medical treatment in Mobile County, as well as in Jefferson County and Clarke County, we cannot agree with the employer that the Mobile Circuit Court exceeded its discretion in transferring the action to the Clarke Circuit Court.
Because the employer has failed to meet its burden of demonstrating a clear legal right to the relief sought, we deny the petition for the writ of mandamus.
PETITION DENIED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.