DONALDSON, Judge.
Associated General Contractors Workers’ Compensation Self-Insurers Fund, Alabama Branch (“the AGC Fund”), and Good Hope Contracting, Inc. (“Good Hope”), petition this court for a writ of mandamus directing the Cullman Circuit Court (“the trial court”) to vacate an order transferring the action to Jefferson County, to reinstate the action in Cullman Cóunty, and to enter an order denying Lynn Harding’s motion to dismiss based on improper venue or, alternatively, to transfer the action. Harding did not file a response to the petition with this court. For the reasons set forth below, we grant the petition and issue the writ.
Background
On June 29, 2016, the AGC Fund filed a complaint against Harding in the trial court seeking a judgment declaring that Harding was not entitled to benefits under the Workers’ Compensation Act, codified at § 25-5-1 et seq., Ala. Code 1975., According to the allegations in the complaint, the AGC Fund is a pooled-risk self-insurer fund in accordance with §§ 25-5-8 and -9, Ala. Code 1975, of the Workers* Compensation Act, and the AGC Fund, which has corporate offices in Jefferson County, provided workers’ compensation coverage through a written agreement to Good Hope, which has its principal place of business in Cullman County. Good Hope was named as Harding’s employer. The AGC Fund further alleged that Harding had made a. claim for-workers’ compensation benefits with Good Hope, that the claim had been forwarded to the AGC Fund, and that the AGC Fund disputed -Harding’s asserted entitlement to workers’ compensation benefits.
On August 2, 2016, Harding filed a “Motion to Dismiss for Improper Venue or in the Alternative, Motion to Transfer Venue to Jefferson County.” The motion states the following:
“1. This is a workers[’] compensation case where [Harding’s] employer’s Workers’ Compensation self-insured fund, [the AGC Fund], sued [Harding] in a complaint for Declaratory Judgment.
“2. To dismiss this action on the ground that it is brought in the wrong county because (a) [Harding] is an individual and venue is- only proper in his county of residence or the county where the accident occurred. Ala. Code § 6-3-2 (1975).
“3. [Harding] is an individual - residing in Jefferson County, Alabama ... and the action that forms the basis of [the AGC Fund’s] complaint occurred in Walker County,.Alabama,... Therefore the correct venue is either Jefferson or Walker County.
“4. [Harding] requests that if this action is not dismissed that it be transferred to Jefferson County, Alabama.”
Harding supported his motion with an affidavit in which he testified:
“1. My name is Lynn Harding and I am the Defendant in this case. ...
“2. On or about August 26, 2015, I was injured on the-job while working for [Good Hope], Said accident occurred on a job site in Walker County, Alabama.
*531 “3. At the time of said injury I lived at ... Kimberly, Alabama ... in Jefferson County, Alabama. I still live at said ad- . dress.”
On August 5, 2016, Harding'filed an answer denying the AGC Fund’s allegations regarding his claim for workers’ compensation benefits and asserting improper venue as an affirmative defense. Harding alleged a counterclaim against the AGC Fund and a cross-claim against Good Hope seeking workers’ compensation benefits. In those claims, Harding alleged that he was injured in Walker County working within the- scope of his employment with Good Hope and other facts purporting to show that he was entitled to workers’ compensation benefits. Harding also alleged that his employment was wrongfully terminated on December 16, 2015, because he was pursuing his workers’ compensation claim, and he alleged a claim of retaliatory discharge against Good Hope. The AGC Fund and Good Hope both filed answers denying liability for workers’ compensation benefits, and, in its answer, Good Hope denied the allegations supporting Harding’s retaliatory-discharge claim.
On October 12, 2016, the AGC Fund filed a response to Harding’s motion, arguing that Harding incorrectly asserted that § 6-3-2, Ala. Code 1976, pertaining to venue in civil actions against individuals, applied to the workers’ compensation action. The AGC Fund asserted that venue for the action was governed by the venue provisions in the Workers’ Compensation Act and § 6-3-7, Ala. Code 1975, the statute pertaining to venue in civil actions against corporations. The AGC Fund supported its response with the affidavits of Danny Hall, a risk manager for Good Hope, and Zachary D. Spanick, a supervisor for Good Hope, who both testified that Good Hope was a domestic Alabama corporation with its principal place of business in Cullman County. Good Hope. filed a response to Harding’s motion -in which it joined the AGC Fund’s response and incorporated .its arguments. In its motion, Good Hope additionally asserted that venue was proper in Cullman County based on the retaliatory-discharge cross-claim -filed by Harding against Good Hope.
On October 14, 2016,» after conducting a hearing on Harding’s motion to dismiss or transfer and the responses from the AGC Fund and Good Hope, the trial court entered an order transferring the case in its entirety to the Jefferson Circuit Court. On November 18, 2016, the AGC Fund and Good Hope jointly filed the present petition for a writ of mandamus to this court. Upon. the - petitioners’ motion, we .stayed the execution of the October 14, 2016, order and other proceedings in the trial court pending a ruling on- this petition.
Standard of Review
“A petition for the writ of mandamus is the appropriate means by which to challenge a trial court’s order regarding a change of venue. Ex parte Sawyer, 892 So.2d 898, 901 (Ala. 2004). The writ of mandamus is an extraordinary remedy; it will not be issued unless the petitioner shows ‘ “ ‘(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ” ’ Ex parte Inverness Constr. Co., 775 So.2d 153, 156 (Ala. 2000) (quoting Ex parte Gates, 675 So.2d 371, 374 (Ala. 1996)); Ex parte Pfizer, Inc., 746 So.2d 960, 962 (Ala. 1999).”
Ex parte Children’s Hosp. of Alabama, 931 So.2d 1, 5-6 (Ala. 2005).
“‘The burden of proving improper venue is. on the party raising the issue and on review of an order transferring *532 or refusing to transfer, a writ of mandamus will not be granted unless there is a clear showing of error on the part of the trial judge.’ Ex parte Finance America Corp., 507 So.2d 458, 460 (Ala. 1987). In addition, this Court is bound by the record, and it cannot consider a - statement or evidence in a party’s brief that was not before the trial court. Ex parte American Res. Ins. Co., 663 So.2d 932, 936 (Ala. 1995).”
Ex parte Pike Fabrication, Inc., 859 So.2d 1089, 1091 (Ala. 2002).
Discussion
In his motion to dismiss the case or, alternatively, to transfer the case to the Jefferson Circuit Court, Harding relied upon § 6-3-2, which generally governs venue in actions against individuals. Harding asserted in his motion that, pursuant to § 6-3-2, the only proper venues are Jefferson County, because of his residence there, or Walker County, where his injury allegedly occurred. The AGC Fund and Good Hope argue that § 6-3-7 is the applicable statute governing venue of this case, and that, under that statute, venue is proper in Cullman County.
This case began with the filing of a complaint by the AGC Fund against Harding regarding his claim for workers’ compensation benefits. In Ex parte Adams, 11 So.3d 243, 246 (Ala. Civ. App. 2008), this court held that § 6-3-2 did not apply in an action brought pursuant to the Workers’ Compensation Act; instead, we held that the specific venue provisions in the Workers’ Compensation Act governed the determination of venue. Under the Workers’ Compensation Act, “the court” is defined as “[t]he circuit court that would have jurisdiction in an ordinary civil action involving a claim for the injuries or death in question .... ” § 25-6-1(18), Ala. Code 1975. Section 25-5-81(a), Ala. Code 1975, provides, in pertinent part:
“In case of a dispute between employer and employee ... with respect to the right to compensation under [Article 1 or Article 2 of the Workers’ Compensation Act], or the amount thereof, either party may submit the controversy to the circuit court of the county which would have jurisdiction of a civil action in tort between the parties.”
See § 25-5-88, Ala. Code 1975, (“Either party to a controversy arising under [Article 1 or Article 2 of the Workers’ Compensation Act] may file a verified complaint in the circuit court of the county which would have jurisdiction of an action between the same parties arising out of tort ....”).
“Thus, ... any party—employee or employer—desiring an adjudication of the rights and duties of the parties with respect to an injury arising out of and in the course of employment within the scope of [the Workers’ Compensation] Act has been required to seek that adjudication from the same court that, had [the Workers’ Compensation] Act not been adopted, would have heard an employee’s tort claim for damages against the pertinent employer with respect to the injuries or death in question.”
Ex parte Adams, 11 So.3d at 246.
Section 6-3-7 would govern the determination of venue in a hypothetical tort action brought by Harding against Good Hope, a corporation, because that venue statute generally applies to “[a]ll civil actions against corporations.” § 6-3-7(a). Therefore, pursuant to the venue provisions in the Workers’ Compensation Act, § 6-3-7 governs the determination of venue in the workers’ compensation action underlying the present petition. See Ex parte Adams, 11 So.3d at 247 (applying § 6-3-7 to underlying workers’ compensation action). Moreover, Harding’s claim of *533 retaliatory discharge is a tort claim against Good Hope. See Rodriguez-Flores v. U.S. Coatings, Inc., 133 So.3d 874, 885 (Ala. 2013) (“A retaliatory-discharge claim filed pursuant to § 25-5-11.1 [of the Workers’ Compensation Act] is in the nature of a traditional tort claim .... ”); Batey & Sanders, Inc. v. Dodd, 755 So.2d 581, 583 (Ala. Civ. App. 1999) (“[A] claim alleging retaliatory discharge sounds in tort, not in contract.”). Because Good Hope is a corporation, § 6-3-7 also governs the determination of venue for the adjudication of Harding’s retaliatory-discharge claim.
The AGC Fund and Good Hope further argue that Cullman County is a proper venue for the underlying workers’ compensation action pursuant to § 6-3-7(a), which provides:
“All civil actions against corporations may be brought in any of the following counties:
“(1) In the county in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of real property that is the subject .of the action is situated; or
“(2) In the county of the corporation’s principal office in this state; or
“(3) In the county in which the plaintiff resided, or if the plaintiff is an entity other than an individual, where the plaintiff had its principal office in this state, at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiffs residence; or
“(4) If subdivisions (1), (2), or (3) do not apply, in any county in which the corporation was doing business by agent at the time of the accrual of the cause of action.”
The materials submitted to this court indicate that Good Hope’s principal place of business is in Cullman County. Accordingly, Cullman County is a proper venue for the underlying workers’ compensation action pursuant to § 6-3-7(a)(2).
Harding’s motion to dismiss or, alternatively, to transfer failed to address whether venue was proper pursuant to § 6-3-7, and Harding did not present any evidence to controvert the assertion that Good Hope’s principal place of business is in Cullman County. Therefore, the materials before the trial court established without dispute that venue was proper under § 6-3-7(a)(2). Harding had the burden of proof to show that venue was improper, and the materials before this court do not support his motion. See Ex parte Finance America Corp., 507 So.2d 458, 460 (Ala. 1987) (“The burden of proving improper venue is ón the party raising the' issue.... ”). We therefore grant the' petition for the writ of mandamus‘and direct the trial court to vacate its order transferring the action to the Jefferson' Circuit Court, to reinstate the action in Cullman County, and to enter an order denying Harding’s motion to dismiss or, alternatively, to transfer on the basis of improper venue.
PETITION GRANTED; WRIT ISSUED.
Thompson, P.J., and Pittman, Thomas, and Moore, JJ., concur.